J. ESTELLE JEFFERY *vs.* M. W. LEAHY AND COMPANY.

Middlesex. December 8, 1926. — March 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Replevin. Sale,* Conditional. *Factors' Act. Agency,* Scope of authority.

A judge of a district court, who heard an action of replevin of a motor truck, found, on evidence warranting the findings, in substance that the truck was sold by a corporation under a contract of conditional sale; that the corporation assigned to the plaintiff the contract and all rights thereunder; that thereafter the vendee defaulted and at the request of the plaintiff the corporation took possession of the truck and placed it in its warehouse; that the plaintiff authorized the corporation to sell the truck; that the corporation sold the truck as its own property to the defendant who without knowledge of the previous transactions and of the plaintiff's title paid the price charged. The judge found for the defendant. *Held,* that, even if the sale was in violation of instructions given by the plaintiff, and the corporation had misappropriated the purchase price, the truck was merchandise and under the provisions of G. L. c. 104, § 1, the corporation could be deemed to be the true owner insofar as to give validity to the sale to the defendant, a *bona fide* purchaser.

REPLEVIN to recover possession of a motor truck. Writ in the First District Court of Northern Middlesex.

Material evidence at the trial in the District Court is stated in the opinion. The judge refused the requests for rulings set out in the opinion, "and found upon all the evidence that the plaintiff authorized the sale of the truck by the Walker Johnson Truck Company thereby waiving any claim thereon and for the subsequent conduct of the company the defendant was not responsible and found for the defendant for the return of the truck, for nominal damages and for his costs"; and reported the action to the Appellate Division for the Northern District, who ordered the report dismissed. The plaintiff appealed.

G. L. c. 104, § 1, reads as follows: "A factor or other agent intrusted with the possession of merchandise or of a bill of lading consigning merchandise to him with authority to sell

the same shall be deemed the true owner of such merchant dise, so far as to give validity to any *bona fide* contract of sale made by him."

The case was submitted on briefs.

*E. H. Hadley, I. A. Hadley, & R. E. Jeffery,* for the plaintiff.

*M. McWalter,* for the defendant.

BRALEY, J.   This is an action of replevin brought in the First District Court of Northern Middlesex to recover an automobile truck, described in the record as a Walker Johnson Truck.   The trial judge found for the defendant and reported the case to the Appellate Division, which dismissed the report, and the plaintiff appealed.   St. 1922, c. 532, § 8. It is admitted by the plaintiff that "there were no disputed facts," and the question for decision is, whether the plaintiff's requests should have been given, that "upon the pleadings and all the material evidence . . . the plaintiff is entitled to recover," and that "when the truck in suit was repossessed from Silva by the plaintiff and placed in the storehouse of the Walker Johnson Truck Company, the plaintiff was, has been ever since and now is the owner thereof."

The plaintiff in order to maintain the action was required under the defendant's answer to "show both property in the goods taken, and the right of immediate and exclusive possession."   *Barry* v. *O'Brien,* 103 Mass. 520, 521, *Spooner* v. *Cummings,* 151 Mass. 313.   The Walker Johnson Truck Company, a corporation manufacturing and dealing in automobile trucks, lent and leased on November 16, 1922, to one Silva a "Walker Johnson Truck."   In accordance with the terms of the lease, the lessee, after the deduction of $500 allowed for a Ford truck taken in part payment given when the lease was executed, also gave twelve promissory notes, each for $100 "maturing in as many months consecutively from date."   If the lessee failed to pay the notes, or perform other conditions which are not material to our decision, the lessor could "repossess" and remove the truck.   But if the lessee performed all the conditions he could purchase the truck and receive a bill of sale therefor for the sum of $1.   The lessor by a writing under seal on the back of the lease, sold, assigned and transferred

the lease to the plaintiff November 16, 1922, "the merchandise herein described and all rents and moneys to which we are entitled under the within instrument." The truck was delivered to Silva on the same day, who thereafter paid to the plaintiff as they fell due, the first three notes of the series. But when the fourth note matured it was not paid, and after protest to hold the lessor as indorser, the plaintiff asked the lessor "to repossess" the truck, but gave no directions where it should be stored. The lessor accordingly became the plaintiff's agent, and acting in her behalf took the truck from the lessee and placed it in the company's storehouse, where trucks "repossessed" from lessees were stored. While the truck was in storage, the plaintiff requested the company to sell it. The truck was transferred to the company's sales room, and sold as its own property to the defendant who without knowledge of the previous transactions and of the plaintiff's title paid the price charged. He was an innocent purchaser for value. *Ratshesky* v. *Piscopo*, 239 Mass. 180, 184. The sale to the defendant undoubtedly was in violation of the plaintiff's instructions. But, having been entrusted by her with the possession of, and general authority to sell the truck, the sale was valid even if the company appropriated the money. *Danforth* v. *Chandler*, 237 Mass. 518, 522. The truck also was merchandise. *Tisdale* v. *Harris*, 20 Pick. 9. And the company under G. L. c. 104, § 1, could be deemed the true owner in so far as to give validity to the sale to the defendant. *International Trust Co.* v. *Webster National Bank, ante,* 17. The requests, therefore, were denied rightly, and the entry must be,

*Order of Appellate Division affirmed.*