COMMONWEALTH FINANCE CORPORATION *vs.* HOLLAND SYSTEM, INCORPORATED.

Suffolk.   December 9, 1927. — March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Estoppel. Evidence,* Competency.

At the trial of an action of tort for conversion, brought by a corporation, assignee of rights of the vendor under a·contract in writing of conditional sale of motor trucks, against a purchaser of the trucks at an auction sale conducted by a receiver in bankruptcy of the vendor named in the contracts of conditional sale, evidence was admitted to show

that a manager of the plaintiff was present at the sale and in his testimony admitted that, at that time, he made no claim that there were on the premises any trucks, title to which was in the plaintiff; and that the defendant had no intimation from any source, at the time of the sale or for some considerable period thereafter, that there was any property, to which the plaintiff claimed title, included in or intermingled with the assets purchased by it. Although there had been frequent conversations between that officer of the plaintiff and an officer of the defendant in which claim of title was asserted, there was no evidence that the plaintiff's officer ever took any active steps to regain possession of the trucks in question until after the defendant had spent considerable sums of money to recondition them and finally had sold them. The defendant's officer uniformly replied, "If there is anything there that belonged to you, take it." The plaintiff "refinanced" a resale of two of the trucks by the defendant, although at the trial it disclaimed any knowledge that they were the same trucks to which it asserted title in the action. *Held*, that

(1) The evidence was competent to prove estoppel of the plaintiff to deny the title of the defendant;

(2) It was proper to refuse to order a verdict for the plaintiff;

(3) It was for the jury on all the evidence to find whether the plaintiff's agent, by remaining passive at a time when his silence might produce an erroneous impression, created an estoppel which thereafter precluded it from asserting title to the property.

CONTRACT OR TORT.  A substitute declaration was in tort only and was for conversion of three motor trucks, described by their makers' names and numbers. Writ dated August 18, 1920.

In the Superior Court, the action was tried before *Irwin*, J. It appeared that the course of dealing of the plaintiff in financing operations of Fred C. Henderson Company and Signal Motor Trucks Company was as follows: "The plaintiff furnished the two companies with printed forms of conditional sale agreements and notes. Copies of these forms appear in the exhibits attached to the record (Exhibits 1–6, inc.). The form of the conditional sale agreement, to be executed by the dealer as seller of an automobile and the buyer, contains a space for a statement of charges, including a percentage of the selling price as a charge of the Commonwealth Finance Corporation, and a space for a statement of payments, to be made partly in cash and partly in deferred payments. Among the conditions are provisions to the effect that 'The absolute legal title to all of said property is

to remain in the Seller until said purchase price with interest is paid in full'; that, if the buyer shall default in any of the payments to be made, the seller may resume possession of the property, which the buyer promises to deliver on demand; and that in the event of default by the buyer all moneys paid shall be retained by the seller as compensation for the use, possession, and depreciation of the property and expenses that may accrue in recovering possession thereof. There is also a provision for assignment of the contract by the dealer to the Commonwealth Finance Corporation. The form of note to be signed by the buyer contains a statement of his promise to pay to the order of the dealer at the office of the Commonwealth Finance Corporation in New York City the amounts of the deferred payments, with interest. It provides also for the indorsement of the note by the dealer guaranteeing payment of principal and interest."

The judge denied a motion by the plaintiff that a verdict be ordered in its favor. There was a verdict for the defendant, and the judge reserved the case for determination by this court upon the entire record, including a transcript of all the testimony and the exhibits, under G. L. c. 231, § 119.

*A. Lincoln*, for the plaintiff.

*T. Kelly*, for the defendant.

BRALEY, J.  This action of tort is before us for determination upon the whole record, including the pleadings and a transcript of the entire testimony taken at the trial to a jury in the Superior Court as certified by its official stenographer and reserved by the trial judge under the provisions of G. L. c. 231, § 119. At the close of the evidence and subject to its exception, the plaintiff's motion for a directed verdict was denied. The jury returned a verdict for the defendant.

In its declaration and amendment thereto, the plaintiff alleges the conversion by the defendant of three specifically described automobile trucks. The defendant pleads a general denial and estoppel.

Briefly stated the facts are as follows: During the years 1918 and 1919, one Fred C. Henderson, as president and treasurer of the Fred C. Henderson Company and the Signal Motor Truck Company, sold each of the trucks in contro-

versy on a conditional sale agreement, financed by the plaintiff, photostatic copies of which are attached to the pleadings. Later, all three trucks again came into the possession of the Henderson Company, the plaintiff's claim thereto being unliquidated, and were there when the Henderson and the Signal Motor Truck companies were petitioned into bankruptcy in August, 1919. Shortly thereafter a receiver in bankruptcy of the two named companies was appointed, who sold at auction, by order of court, all the "right, title and interest" in the assets of each company "free and clear of all encumbrances" to the Holland System, Incorporated, the defendant. The New England manager of the plaintiff, one Billings, was present at the sale and in his testimony admitted that, at that time, he made no claim to any one that there were on the Henderson premises any trucks title to which was in the plaintiff. On uncontradicted testimony the jury could find that the defendant had no intimation from any source, at the time of the sale or for some considerable period thereafter, that there was any property, to which the plaintiff claimed title, included in or intermingled with the assets purchased by it. The testimony recites in detail conversations between Billings, Holland and their several counsel, and correspondence from Billings, on behalf of the plaintiff, to the defendant, in which claim of title was asserted, but there is no evidence that Billings ever took any active steps to regain possession of these trucks until after the defendant had spent considerable sums of money to recondition and had finally sold them. Daniel E. Holland, president of the defendant, testified that, in response to suggestions made by Billings that there were trucks in the physical control of the defendant which belonged to the plaintiff, he uniformly replied, "If there is anything there that belonged to you take it"; that the primary object of repeated interviews between himself and Billings was an attempt on the part of the latter to secure for the plaintiff the business of financing future sales of trucks by the defendant which resulted in the plaintiff and defendant doing business to the amount of $150,000 or more during the year next ensuing. It is further shown that, in their resale by the defendant, the plaintiff refinanced two

of these trucks, although it disclaims any knowledge that they were the same trucks to which they now assert title.

The presiding judge, without objection, instructed the jury that at the time of sale to the defendant, title to the trucks was in the plaintiff; that "if we stopped right there in this case the plaintiff would be unqualifiedly entitled to recover"; but the defendant claims that the plaintiff is estopped from asserting ownership in these trucks because of failure on the part of its manager to claim it, either to the receiver in bankruptcy, the auctioneer, or the purchaser — knowing, as he did, that the trucks were intermingled with those of the Henderson companies — and that the plaintiff, therefore, is forever estopped from prosecuting that claim, notwithstanding the legal title was in the plaintiff at the time the Henderson companies' assets were sold.   Having explained, in substance, to the jury that estoppel, in law, is the preclusion of one to deny that which by his own conduct he may have induced or permitted another to believe and act on to his prejudice, the trial judge continued: "I don't assume to say, as matter of law, whether there was any act of estoppel there or not. . . . That I will leave to you as a matter of fact.   Finding that there was no estoppel, you come to the question of damages . . . .   And on that I can help you not at all."   No exception was taken to the charge, and no statement therein can be construed as prejudicial to the plaintiff.

The exception, saved by the plaintiff, to the refusal of the trial judge to direct a verdict in its favor, is without merit. It was for the jury on all the evidence to find whether the plaintiff's agent, by remaining passive at a time when his silence might produce an erroneous impression, created an estoppel which thereafter precluded it from asserting title to the property, and that if the finding was in the plaintiff's favor, the question of damages was preëminently for the jury.

A careful reading of the certified transcript of the testimony discloses no error in the admission of the oral and documentary evidence which was the subject of the plaintiff's remaining exceptions.   There was evidence from which the jury was warranted in finding that these trucks were in

the possession of the Henderson companies at the time of and included in the sale of their assets to the defendant; that the plaintiff's manager knew that fact but made no disclosure of it to the defendant; that he knew, or should have known, that the defendant repaired and resold the trucks; that he took no active steps to prevent their resale: and that the plaintiff, by refinancing the sale of two of them assented thereto. *J. H. Gerlach Co. Inc.* v. *Noyes*, 251 Mass. 558. *Jeffery* v. *M. W. Leahy & Co.* 258 Mass. 548.

*Judgment for defendant on the verdict.*