NANCY W. MARSH *vs.* S. M. S. CO.

Middlesex.    February 7, 1934. — January 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Replevin. Sale*, Conditional, Transfer of title. *Agency*, Scope of authority. *Estoppel.*

An automobile was sold under a contract of conditional sale permitting the vendee to sell it "for cash only" and requiring him to pay the vendor forthwith the sum due under the contract from the money received from the purchaser. The vendee sold the automobile to a woman who made payments to him therefor in instalments. Two years later she sold the automobile to a dealer, who later sold it to another dealer. The original vendor demanded from each dealer a balance due from the original vendee, but did not repossess the automobile, although he knew that each dealer exhibited it for sale. The second dealer thereafter sold the automobile in the usual course of business to one who had no knowledge of the facts as to its title and from whom the original vendor repossessed it. At the hearing of an action of replevin by the last purchaser against the original vendor, the trial judge found that the defendant was entitled to a return of the automobile. *Held*, that

(1) The plaintiff did not acquire general title to the automobile by mesne transfers from the original vendee because he had no such title to transfer;

(2) The plaintiff did not acquire general title from the original vendor because the original vendee did not have actual authority from the original vendor to sell the automobile to the woman under an agreement permitting her to pay for it in instalments, and did not have ostensible authority to convey general title as agent of the original vendor; the original vendor did not clothe him with ostensible authority by giving him possession of the automobile under the contract of conditional sale;

(3) Even if the contract of conditional sale were construed as containing a general power to the original vendee to sell the automobile, accompanied by a secret limitation upon that power which would not be binding upon a purchaser not having knowledge thereof, the general finding in the original vendor's favor imported a finding that the woman knew that the authority of the original vendee was limited;

(4) Furthermore, the question, whether the original vendee had ostensible authority to sell the automobile to the woman, was immaterial because she dealt with him as a principal and not as an agent of the original vendor;

(5) The mere failure of the original vendor to repossess the automobile from the dealers could not properly be construed as a holding out of either of them as a person having the right to sell it;

(6) A finding by the trial judge, that the original vendor was not estopped to assert his title to the automobile, was warranted;

(7) The plaintiff, not having the title to or the right to possession of the automobile, could not maintain the action.

REPLEVIN. Writ in the Second District Court of Eastern Middlesex dated May 3, 1932.

The action was heard in the District Court by *Maloney,* J. Material evidence is stated in the opinion. The judge found that the defendant was entitled to a return of the replevied property; and ordered judgment accordingly under G. L. (Ter. Ed.) c. 247, § 9, with nominal damages and costs. A report to the Appellate Division for the Northern District was ordered dismissed. The plaintiff appealed.

*K. C. Tiffin,* for the plaintiff.

*J. A. McCarty,* for the defendant.

PIERCE, J. This is an action of replevin brought in the District Court in which the plaintiff seeks to maintain title and right to possession to an automobile. The answer is a general denial and an allegation that the automobile is not the automobile of the plaintiff but belongs to the defendant.

At the trial there was evidence tending to show that the automobile was sold in 1929 by the defendant to one James P. DeCoste, upon a conditional sale contract which allowed DeCoste "to sell said automobile for cash only," and required to be held "in trust for the Seller separate from other money of the Buyer so much of the price received from the purchaser as shall equal the amount not yet paid hereunder, and to pay said sum to the Seller forthwith." DeCoste immediately sold the automobile to a Miss Murdock, "with whom he was keeping company," who registered the automobile in her own name for the years 1929, 1930 and 1931. Miss Murdock did not pay cash to DeCoste, but made payments to him in instalments. She testified that she had in this manner paid the full purchase price. There was evidence that there was an unpaid balance due to the defendant upon its conditional sale contract with DeCoste.

One Pike, a salesman of the defendant and the man who sold the automobile to DeCoste, was a close friend of De-Coste and Miss Murdock. There was testimony that he knew of the arrangement whereby DeCoste sold the automobile to Miss Murdock and knew that she was paying him by partial payments; that Pike realized that the automobile had been paid for by Miss Murdock; that she had requested Pike to secure a bill of sale from his employer; that in September, 1931, she informed Pike she was about to trade the automobile in and that Pike, "although he had been sent out by his employer regarding the nonpayment of the automobile, he had not repossessed" it.

There was evidence that in October, 1931, Miss Murdock traded the automobile to the Middleboro Nash Company; that while it was in the possession of that company Pike, in behalf of his employer, went to see the Nash Company and told it he wanted the balance due on the DeCoste lease and not the automobile and that he would look to that company for the money; and that Pike did not repossess the automobile. There was further evidence that on January 8, 1932, the Middleboro Nash Company sold the automobile to one George R. Briggs; that he too was visited by Pike and told that he would have to pay the balance due from DeCoste or the automobile would be repossessed; and that the automobile was not repossessed by the defendant. Both the Middleboro Nash Company and Briggs had the automobile on their floors for sale when they were visited by Pike on behalf of the defendant. On January 15, 1932, Briggs sold the automobile to the plaintiff in the usual course of business, without her knowledge of any facts recited in the testimony given at the trial of this pending action.

The plaintiff made eleven requests for rulings which are printed in the margin.* The trial judge gave the second and

---

* 1. That upon all the evidence the plaintiff is entitled to recover.
2. That the test in a suit of replevin is the right to immediate possession.
3. That if the terms of the contract under which the car was released by the defendant contained an authority to sell the automobile, the defendant is bound by the terms of its contract and cannot vary the terms.
4. That the plaintiff, a third person to the contract of sale by the defendant, can go behind the contract and show implied or secret agreement, and the real relation between the parties to the instrument.

eleventh, denied the first, seventh, eighth and ninth, and refused the third, fourth, fifth, sixth and tenth as inapplicable to the facts found.  He found that the defendant repossessed the automobile in April, 1932, and that it was delivered to the plaintiff by the deputy sheriff on May 6, 1932.  He specifically found that the defendant was not estopped to assert its title, that the defendant had the right of possession as well as possession of the automobile and that the plaintiff had no title to it when it was replevied, and ordered a return of it to the defendant with nominal damages and costs to the defendant.  The plaintiff claiming to be aggrieved by the action of the judge, the case was reported to the Appellate Division, who ordered the report dismissed.  The plaintiff appealed to this court from the final decision of the Appellate Division.

Upon the pleadings the plaintiff was required to prove title and a right to immediate possession of the automobile. *Jeffery* v. *M. W. Leahy & Co.* 258 Mass. 548, 549.  She could prove title as the ultimate purchaser from DeCoste . or title from the defendant on the theory that DeCoste had actual or ostensible authority to sell or that the defendant was estopped from asserting title superior to that of the plaintiff.  The issues raised by the plaintiff are (1) Do the facts in this case constitute a legal or equitable estoppel against the defendant?  (2) Are the rights and

5. That the sales manager of an automobile company's apparent or ostensible authorities are his real authorities and the company is bound by his statements or acts.

6. That if the manager in charge of sales of the defendant knew that the car was sold and delivered to a third person, and that payments were being made to its conditional vendee, the company is estopped to claim title to the car.

7. That upon all the evidence the defendant is estopped to deny or question the title of the plaintiff.

8. That upon all the evidence the plaintiff has a legal title to the car replevied.

9. That upon all the evidence the plaintiff was entitled to immediate possession at the time of this action.

10. That if the defendant, its agents or servants, knowing that the car was to be sold stood by and did nothing to prevent a sale or secure the return of its property, and the plaintiff has been misled to her injury, and the defendant had reasonable cause to know that such consequences would follow, it is estopped by its conduct.

11. That if the defendant is entitled to recover the damages can not exceed the amount of the defendant's interest.

equities of the plaintiff greater than those of the defendant, because of the acts or failure to act on the part of the defendant's agents or representatives or because of a specific authorization to sell the automobile given to its vendee (DeCoste)? (3) Are not the rights of an innocent purchaser of an automobile greater than those of a prior title holder who has authorized the sale of the automobile and knowingly permitted it to be exhibited for sale, with a sale resulting from its display? and (4) Does paragraph 6 of the agreement between DeCoste and the defendant effect an estoppel in favor of the plaintiff?

The plaintiff acquired no title as grantee of DeCoste because DeCoste, as a conditional vendee, had no title which he could convey. She acquired as grantee of the conditional vendee only such title as he had, the general title remaining in the vendor until the full price was paid. *Bousquet* v. *Mack Motor Truck Co.* 269 Mass. 200, 202. DeCoste under his contract with the defendant did not have actual authority to transfer the title of the defendant to Miss Murdock. His authority was limited by paragraph 6 of the conditional sale agreement which provided: "The Seller hereby authorizes the Buyer to sell said automobile for cash only at a price not lower than that shown opposite the description of the automobile in Column 5 of said schedule . . . ." It is found that Miss Murdock did not pay cash for the automobile but paid DeCoste in instalments, apparently having taken the automobile before she had paid for it. DeCoste did not have ostensible authority to sell the automobile in behalf of the defendant. An owner of personal property, by permitting possession of it under a conditional contract of sale, does not clothe the conditional vendee with apparent authority to sell the vendor's title to that property, and he may recover it from a *bona fide* purchaser without notice. *Bousquet* v. *Mack Motor Truck Co.* 269 Mass. 200, 201–202. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway*, 187 Mass. 500. If the contract be construed to be a general power to sell the automobile accompanied by a secret limitation not binding upon a purchaser without notice, *Si-*

*mons* v. *Northeastern Finance Corp.* 271 Mass. 285, 290, it is a sufficient answer that the general finding imports a finding that Miss Murdock had knowledge of the agreement between DeCoste and the defendant and of DeCoste's limited authority. Knowing that DeCoste was a conditional vendee, she was bound to ascertain at her peril the limits of his authority to sell, not his interest, but the full title of the defendant. She therefore had no title to the automobile greater than the individual and personal title of DeCoste. The case also falls within the rule that a person who deals with an agent not as agent but as principal cannot set up an apparent authority which the agent may be said to have. *Essex County Acceptance Corp.* v. *Pierce-Arrow Sales Co. of Boston,* 288 Mass. 270, 276–277.

On the facts the present case is distinguishable from the case of *Denno* v. *Standard Acceptance Corp.* 277 Mass. 251, relied on by the plaintiff, in that in the case at bar the defendant did not permit Briggs to exhibit the automobile, nor did Briggs have possession of it with the defendant's consent. The mere failure of the defendant to repossess the automobile from Briggs or from the Middleboro Nash Company cannot be construed as a holding out of Briggs or of the Middleboro Nash Company as a person or company having a right to sell the defendant's automobile. It cannot be ruled that the defendant is estopped from asserting its title. The plaintiff was not induced to purchase the automobile from Briggs through any conduct of the defendant. Although the plaintiff would not have bought the automobile had it not been exhibited for sale by Briggs, the defendant was not responsible for its presence in Briggs's salesroom. Furthermore, the defendant gave Briggs notice of his want of title and demanded payment from him of the balance unpaid on the contract with DeCoste. After such notice the defendant was not bound to anticipate that Briggs would sell the automobile. *Dondis* v. *Lash,* 277 Mass. 477, 485. *Silver* v. *Graves,* 210 Mass. 26, 31. Silence will give rise to an estoppel only where there is a duty to speak or act. *J. H. Gerlach Co. Inc.* v. *Noyes,* 251 Mass. 558, 565. The trial judge found as a matter of fact that the defendant

was not estopped to assert its title. This finding is supported by evidence and must stand. The requests for rulings were denied rightly.

*Order "Report dismissed" affirmed.*