NEW ENGLAND COMPANY *vs.* ROBERT PRITCHARD & others.

Suffolk.   November 9, 1937. — May 26, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Pleading and Practice*, Appeal.   *Unlawful Interference.*

An appeal from an interlocutory decree confirming a master's report was not properly before this court if the appellant did not also appeal from the final decree, although his opponent did.

A suit in equity to restrain a former employee of the plaintiff from competing with the plaintiff in violation of his employment contract and for damages to be assessed against him and new associates of his and a corporation in which they all were interested on the ground that they had joined with him in breaking his contract, while maintained against the former employee, was dismissed as to the other defendants because findings of a master did not warrant a conclusion of such participation on their part.

BILL IN EQUITY, filed in the Superior Court on March 11, 1936.

The suit was heard on a master's report by *Fosdick, J.*, who ordered entered an interlocutory decree confirming the master's report, and a final decree restraining the defendant Pritchard, assessing damages against him in the sum of $4,492.68, and dismissing the bill as to the other defendants. The defendant Pritchard appealed from the interlocutory decree and the plaintiff appealed from the final decree.

*J. J. Kaplan*, (*L. McClennen* with him,) for the plaintiff.

*T. J. Feeney*, for the defendants Geehan and another.

*C. A. McDonough*, for the defendant Coakley.

QUA, J.   The principal averments of the bill, summarily stated, are these: The plaintiff made and sold coats, aprons, and other apparel and was in the linen supply and laundry

business. The plaintiff employed the defendant Pritchard as manager under a written agreement wherein he promised that he would not during his employment or thereafter disclose the "name, address or requirements" of any customer of the plaintiff, and that he would not for a stated period after the termination of his employment, as stockholder or in any capacity, sell or cater to or supply any customers of the plaintiff or engage in the same or a similar business in a specified territory, including Massachusetts, or otherwise prejudice the plaintiff's good will. Pritchard has resigned his employment. Notwithstanding his agreement he disclosed to the other defendants the names, addresses and requirements of customers of the plaintiff. He acquired a substantial proprietary interest in the defendant The Boston-Puritan Company, which is engaged in a similar business, and diverted to that company business of customers of the plaintiff. The defendants Geehan and Coakley "are associated with the said Pritchard in the said The Boston-Puritan Company" and had full knowledge of the provisions of Pritchard's agreement "restricting and preventing the said Pritchard from any association with them or with The Boston-Puritan Company in any activities competitive with those of the complainant." Pritchard is now engaged both individually and as a stockholder in the business of The Boston-Puritan Company and other companies catering to former customers of the plaintiff. Pritchard's breaches of his agreement have caused damage to the plaintiff. There are prayers for injunctive relief against Pritchard and for damages against all the defendants.

Findings of the master support the bill as to the nature of the contract with Pritchard. They show that he left the employ of the plaintiff in February, 1936; that Geehan and Coakley caused The Boston-Puritan Company to be organized in 1933; that that corporation is competing with the plaintiff and has acquired some of the business formerly done by the plaintiff; and that Geehan, who was employed by the plaintiff as a designer and cutter, and one Duggan, who was a bookkeeper for the plaintiff, actively

conducted the business of The Boston-Puritan Company for some time before they left the plaintiff's employ. The trial judge entered a final decree against Pritchard, but dismissed the bill as to the remaining defendants. An appeal by Pritchard from an interlocutory decree confirming the master's report is not properly before us, as he did not appeal from the final decree. *Radio Corp. of America* v. *Raytheon Manuf. Co. ante*, 113, 120. *Fusaro* v. *Murray*, *ante*, 229. The case is here on the appeal of the plaintiff against the three other defendants, Geehan, Coakley and The Boston-Puritan Company.

Recurring to the averments of the bill, it will be seen that the plaintiff's case, in so far as it affects the three defendants last mentioned, rests solely upon the theory that they joined with Pritchard in assisting Pritchard to break his contractual and perhaps also his fiduciary obligations to the plaintiff with knowledge of those obligations. See *Lindsay* v. *Swift*, 230 Mass. 407. The plaintiff must prevail, if at all, upon the case stated in its bill. *Pickard* v. *Clancy*, 225 Mass. 89, 95. *National Rockland Bank of Boston* v. *Johnston*, 299 Mass. 156, 157.

The remaining findings of the master do not, we think, go quite far enough to prove the case alleged.. The report consists almost entirely of detailed subsidiary findings. Pritchard knew that a competing corporation was being formed. Geehan and Coakley met each other through him. He talked with them about a new company, but what he said does not appear. He told Geehan that Duggan would like to go into the new business. He talked with one Anderson, and "in part at least" as a result Anderson bought stock, and a check for part of the price, payable to Duggan, was indorsed by Duggan and Pritchard. It is not found that Pritchard tried to sell this stock, nor how he came to indorse the check. In one or two instances Pritchard seems to have had some knowledge of transactions of the new corporation after it began business. But it is not found that Pritchard originated the idea of a competing corporation, or that he assisted in forming it, or that he had any financial interest in it through stock or

otherwise or any control over it, or that he was employed by it, or even that he approved of it. Consistently with the findings The Boston-Puritan Company may have been entirely an enterprise of Geehan, Coakley and Duggan in which Pritchard took no part, although he was friendly with the participants, and the company had been the subject of conversations with him. It is not shown that any of the business of the plaintiff which went to The Boston-Puritan Company was diverted by Pritchard or because of disclosures made by him, or that the defendants Geehan and Coakley are "associated with" Pritchard in that company, or that they knew that Pritchard had any agreement with the plaintiff or the terms of his employment by the plaintiff. Neither by express finding nor by such inferences as we ought to draw does it seem to us that the plaintiff has quite been able to cross the line which separates suspicion from proof as to allegations essential to the cause of action stated in the bill.

*Final decree affirmed with costs of appeal.*