Estes, J.
In this action the trial court filed the following written findings:
*154 “This is an action of replevin for the possession of one 1936 Terraplane Brougham Light Blue with dealer’s plate D686A, artillery wheels, which had, previous to the date of the writ herein, been repossessed by the defendant from the possession of the plaintiff. The answer is a general denial.
“Upon all the evidence I find as follows: The car in question when purchased by the plaintiff, was displayed for sale in the showrooms of the Howland-Bicketson Motor Company, Inc., in Pall Bive-r, a retail dealer of new and used cars. It had previously been purchased on December 10, 1935, from the HenleyKimball Company, of Providence, Bhode Island, a distributor of Hudson and Terraplane automobiles under a conditional sale contract covering this and three other automobiles and under an arrangement as to payment whereby the dealer paid ten percent of the purchase price and the freight and the defendant paid the balance and received from the distributor an assignment of the contract. The contract was introduced in evidence and is marked Exhibit ‘V. In the course of their dealings for a period of two or three years previous to this transaction the defendant had financed for the dealer under this method commonly known as the Floor Plan from, five hundred to six hundred automobiles both new and used.
“On March 13, 1936, the plaintiff, being himself a retail dealer of new and used automobiles, called at the dealer’s place of business and asked for an automobile of the same model as that in issue but black in color, which the dealer did not then have in his possession. He finally purchased the automobile in issue which was shown him and which , was the only one like it in the dealer’s place of business. He paid for it then and there by trading in another automobile and by giving the dealer his check for the balance, attached his own dealer’s plates to this car and drove it away from the dealer’s establishment. The plaintiff received from the dealer a memorandum of the sale which is marked Exhibit ‘3’ upon which were written a motor number and a serial number. I find that by inadvertence the bookkeeper or clerk in the dealer’s employ inserted in this memorandum the motor and *155 serial numbers belonging to another car of the same model, listed on the conditional sale contract above referred to next below the one actually sold to the plaintiff. I am satisfied that this, was an unintentional error on the part of the dealer’s employees.
“The dealer did not remit to the defendant upon the sale of the automobile, to the plaintiff nor did it secure the written consent of the defendant to the sale of this car to the plaintiff previous to the sale. It subsequently traced the car in the plaintiff’s possession and repossessed the same.
“I find that the defendant was acquainted with the nature of the dealer’s business which was the retail sale of automobiles; that he exhibited for sale in his showrooms and place of business automobiles so held by him under a conditional sale contract and actually sold them to the public. I find that the plaintiff, although acquainted with automobile financing in all its details, made no1 inquiry concerning* any claim or interest therein in favor of the defendant and had no actual knowledge of the interest of the defendant in the automobile in issue.
“I find for the plaintiff for possession and one dollar damage and costs.
“The defendant seasonably presented requests for rulings.
“Requests 1 and 2 are granted. Requests 3, 4, 5, and 6 are denied. I rule in this respect that the dealer has apparent and ostensible authority to sell the car and upon all the evidence the defendant is estopped from asserting its prior title thereto as against the plaintiff as a purchaser in good faith.”
The requests of the defendant which were denied were as follows:
“3. The automobile replevied by the plaintiff was not the automobile purchased by plaintiff from the Howland-Ricketson Company and therefore plaintiff had no title or right of possession in the same.
4. The Howland-Ricketson Company never had title to the automobile in question and could pass no title to it.
*156 5. Ricketson had no authority to sell the automobile in question.
6. The defendant company did nothing which precludes itself from denying Ricketson’s authority to sell.”
The report states that the plaintiff filed seven requests for rulings, and that the defendant claims to be aggrieved by the failure of the court to rule on the plaintiff’s requests.
1. The plaintiff’s requests are not set out in the report, and the failure to deal with them is not argued in the defendant’s brief. We, therefore, treat that claim as waived.
2. The findings of fact made by the trial court were justified by the evidence recited. There seems to be little, if any, dispute concerning them.
3. The denial of the defendant’s third request was right.
The plaintiff took delivery of the automobile in question. He did not need a bill of sale. An error of description in a memorandum of sale, particularly when delivery is taken by the purchaser, does not vitiate the sale. The facts in the case at bar are quite different from those in Wise vs. Kennedy, 248 Mass. 83, cited by the defendant, and that case is clearly distinguishable from the instant case. The error of description would give the defendant no greater rights than those of the dealer. It could hardly be maintained that the dealer could take advantage of the error and replevin the vehicle, after selling and delivering the car to the purchaser. Stockbridge vs. West Stockbridge, 14 Mass. 247 at 261: 55 C. J. 580, Sec. 589.
4. The defendant argues that the plaintiff was not a bona fide purchaser, because he was a dealer and acquainted with the methods of automobile financing. The defendant made no request covering this point, but argues it from the denial of its requests 4, 5 and 6.
*157 The defendant concedes that as against a bona fide purchaser who is ignorant of the dealer’s right to sell, and of the methods of financing the sale of automobiles, the defendant would be estopped from setting up its title, but contends that the experience and knowledge of this plaintiff create an exception to the rule, and relies on Essex County Acceptance Corp. vs. Pierce Arrow Sales Co., 288 Mass. 270, and Marsh vs. S. M. S. Co., 289 Mass. 302. In the Essex County case the court held that there were circumstances which put the mortgagee under obligation to investigate the dealer’s title; and in the Marsh case the court found that the buyer had knowledge of the agreement between the dealer and his conditional sales vendor. Unless this case is taken put of the rule laid down in Handy vs. C. I. T. Corp., 291 Mass. 159, and the cases cited therein, the defendant was estopped from setting up his title against the plaintiff. As before stated the defendant contends that this case is an exception because of the plaintiff’s general knowledge of the methods of financing automobiles. We are of the opinion, nevertheless, that the Handy case goes as far as to hold one is a bona fide purchaser on the facts of the present case. And, even if the point is open to the defendant, no prejudicial error was committed.
Report dismissed.