AUREA ASPASIA CORPORATION *vs.* RITA CROSBY.

Suffolk.    April 8, 1954. — June 29, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Mortgage,* Of real estate: foreclosure. *Equity Pleading and Practice,*
    Master: rulings of law; Parties.

A bill in equity to set aside a purported mortgage foreclosure sale of
    real estate of the plaintiff on the sole ground that in fact no fore-
    closure sale took place was properly dismissed where it appeared that
    at the time appointed for the sale an auctioneer posted a red flag,
    "announced the terms of the auction" and sold the property. [517]
A master to whom a suit in equity was referred under a rule in the usual
    form was not empowered to make a ruling of law that the bill should
    be dismissed. [518]
A purchaser at a mortgage foreclosure sale of real estate, to whom the
    premises were conveyed by mortgagee's deed, was a necessary party
    to a suit to set aside the sale. [518]

BILL IN EQUITY, filed in the Superior Court on August 25,
1950.

The suit was referred to a master "to hear the parties,
find the facts and report his findings to the court, together
with such questions of law, arising in the course of his
duty, as any party may request."   The suit was heard by
*Good,* J., on the master's report.

*Vanda C. Anselmo,* for the plaintiff.

*Francis J. Monahan,* for the defendant, submitted a brief.

RONAN, J.   This is an appeal from a final decree dis-
missing a bill brought to set aside the foreclosure sales of
two mortgages, one upon each of two parcels of real estate,
and praying that the plaintiff be allowed to redeem the
land from the mortgages.

The facts admitted or shown by the report of the mas-
ter to whom the suit was referred may be summarized as
follows.   The plaintiff was the owner of two parcels of land
in Boston, one on Townsend Street and the other on Dwight
Street.   Each parcel was subject to a mortgage given in

1942 by the plaintiff's predecessor in title to a bank. The defendant is the assignee of these mortgages and is a straw for the bank. The sale of the Townsend Street premises was duly advertised in a Boston newspaper to be held on May 31, 1950, and that of the Dwight Street property was similarly advertised to be held on June 12, 1950. The plaintiff on May 26, 1950, filed a bill in equity against the defendant seeking to enjoin the sales and for an accounting. A preliminary injunction was continued from time to time until the parties agreed upon the amount due and the time for payment as shown by a stipulation filed on July 28, 1950, which provided that the plaintiff should pay to the defendant the sum of $14,912.52 on or before August 20, 1950, to redeem the properties from the mortgages, otherwise the "bill is to be dismissed and a final decree entered allowing foreclosure." No one contends that anything was then or has since been paid by the plaintiff. The foreclosure sales were adjourned to August 24, 1950, by an auctioneer who appeared on both properties on June 10, 1950. No other person was present at either place when the auctioneer announced these adjournments of the sales. The master found that the "continuances from the advertised dates of sale as given by the Boston Post were at the request of the complainant and by the assent of the respondent." He also found that the plaintiff's counsel received a notice in writing on August 22, 1950, that the foreclosure sale of the Townsend Street property would be held on August 24, 1950, at 10 A.M. and that of the Dwight Street property at noon on August 24, 1950. The receipt of this notice was admitted by the plaintiff. Counsel in turn notified the plaintiff's treasurer, but so far as appears the plaintiff did nothing to protect its interests. The master found that the foreclosure sales were held by public auction on August 24, 1950, and that the properties were sold to one Eva Cook.

The plaintiff does not represent any third parties but is acting solely in its own behalf against the defendant alone in seeking this second opportunity to redeem the mortgaged premises.

This bill which was filed on August 25, 1950, alleges and the answer admits the making of the written stipulation of July 28, 1950. *Bancroft* v. *Cook*, 264 Mass. 343, 348. *Carson* v. *Brady*, 329 Mass. 36, 40. By that stipulation the plaintiff agreed that if the sum therein designated was not paid by August 20, 1950,[1] the foreclosure sales were to be held. Nothing was paid by the plaintiff, and when the stipulation was made on July 28, 1950, and when the plaintiff failed to perform on August 20, 1950, the foreclosure sales at the request of the plaintiff had been postponed to August 24, 1950. A stipulation is not lightly to be disregarded. Its consent to the holding of the sales on August 24, 1950, once given, unless relieved by some judicial action, was binding upon the plaintiff. *Loring* v. *Mercier*, 318 Mass. 599, 600. *Kalika* v. *Munro*, 323 Mass. 542, 543. The plaintiff having sought and secured the postponements of the foreclosure sales, it is difficult to see any reason why it is not precluded from attacking them. *Commonwealth Finance Corp.* v. *Holland System, Inc.* 263 Mass. 10. *McLearn* v. *Hill*, 276 Mass. 519. But the short answer to the various contentions now made by the plaintiff is that the sole ground upon which the bill was based is that the agents of the plaintiff were at the Townsend Street property at 10 A.M. and at the Dwight Street property at noon on August 24, 1950, and that no foreclosure sales took place. Whether the sales were held was a question of fact. The master found that both sales were by auction conducted on August 24, 1950, by an auctioneer who posted a red flag, "announced the terms of the auction," and sold the properties; that the sale of the Townsend Street property began about 10:05 A.M. and that of the Dwight Street property at noon; and that no bid was made at either sale by the plaintiff. These findings eliminate the only ground supporting the case stated in the bill and are decisive against the maintenance of the bill. *Pickard* v. *Clancy*, 225 Mass.

---

[1] The day mentioned in the stipulation was August 20, 1950, but that was a Sunday and the parties considered the stipulation as extending to August 21, 1950.

89, 95. *National Rockland Bank* v. *Johnston,* 299 Mass. 156, 157. *New England Co.* v. *Pritchard,* 300 Mass. 362, 364. *Drury* v. *Hartigan,* 312 Mass. 175, 177.

The plaintiff objected to the last sentence in the master's report which was that the bill of complaint should be dismissed. Under the rule referring the suit to him, the master was not empowered to make this ruling of law. At most it was merely advisory and must be disregarded. It did not control the decision of the court. The interlocutory decree confirming the master's report should be modified by striking out this ruling and the report confirmed as modified. *Bradley* v. *Borden,* 223 Mass. 575, 586. *Anglim* v. *Brockton,* 278 Mass. 90, 94. *Lithuanian Alliance of America* v. *Staliulionis,* 284 Mass. 287, 290. *Sprague* v. *Rust Master Chemical Corp.* 320 Mass. 668, 677. The interlocutory decree confirming the report as so modified should be affirmed.

It may not be improper to direct attention to a matter that would bar relief under the bill in its present form. The record shows that one Cook was the purchaser at the foreclosure sales and that the premises were conveyed to her by deeds of the defendant in the usual form. Cook was not a party to the suit. She was entitled to her day in court before any decree should be entered that might affect her rights. *Dooley* v. *Merrill,* 216 Mass. 500. *J. J. Newberry Co.* v. *Shannon,* 268 Mass. 116. She was a necessary party and should have been joined as a party defendant. *Mann* v. *Bailen,* 293 Mass. 507, 512–513. *Donahue* v. *Kenney,* 327 Mass. 409, 413–414.

The interlocutory decree must be modified as above stated and the final decree must be affirmed with costs.

*So ordered.*