*Southern District*

## NATIONAL SHAWMUT BANK OF BOSTON

### v.

## CHARLES VERA

*Present*: Nash, P.J., Cox & Murphy, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol, No. 9835.

*Murphy, J.* This is an action of tort in which the plaintiff seeks to recover for the wrongful conversion of a 1957 Pontiac motor vehicle. The defendant's answer is general denial.

The court found for the defendant.

*At the trial there was evidence tending to show that* the plaintiff held a purchase-money security interest by way of a conditional sales contract between Howard Motors, Inc. with one Gomes dated April 27, 1963 on a 1957 Pontiac for a total cash selling price of $963.26.

The plaintiff advanced $445 of the cash selling-price and received some payments from Gomes. The last balance due from him, including charges for insurance and financing, amounted to $476.98.

The plaintiff did not record a financing statement covering said conditional sales contract with either the Secretary of State or the City Clerk.

The defendant purchased said vehicle at an auction sale on execution for a judgment the defendant had against Gomes. He purchased for value for his own personal use and took possession of the vehicle at said sale on

September 10, 1963, and paid $195 for the automobile.

The court found the following facts:

"The plaintiff had a conditional sales agreement with one Gomes on an automobile and did not file a financing statement with the Secretary of the Commonwealth and the City Clerk. The defendant took possession of the vehicle by way of purchase at an auction, resulting from an execution sale based on a judgment the defendant had against Gomes. The defendant purchased for value, for his own personal use and had no knowledge of the security interest which was unrecorded. There was no wrongful taking by the defendant."

The plaintiff duly filed ten requests for rulings, eight were allowed, and two were denied. The defendant filed four requests for rulings all of which were allowed.

The plaintiff claims to be aggrieved by the denial of his requests Nos. 5 and 9 and by the allowance of the defendant's requests.

. Request for ruling No. 5 reads as follows:

"By virtue of the Uniform Commercial Code Section 9-503, the plaintiff has a right to the immediate possession of the motor vehicle referred to in its declaration."

No. 9 reads as follows:

"A finding is warranted under Uniform Commercial Code, Section 9-303 that the plaintiff had a perfected security interest in the motor vehicle described in its declaration in that the security interest had attached and that under Section 9-302,

the plaintiff was not required to file a financing statement."

The four requests for rulings filed by the defendant and allowed by the judge are as follows:

(1) A financing statement must be filed with the Secretary of the Commonwealth and with the Clerk of the city where the conditional vendee resides to perfect security interests in motor vehicles.

(2) A buyer takes free of a security interest even though perfected if he buys without wnowledge of security interest, for value and for his own personal, family or household purposes, unless prior to the purchase the secured party has filed a financing statement covering such goods.

(3) When goods subject to a security interest are left in the debtors possession, the only exception from the general filing requirements are those stated in subsections 1 (c) and 1 (d) other than motor vehicles.

(4) The defendant having purchased the Pontiac without knowledge of the security interest, for value and for his own personal or family use, took said Pontiac free of any security interest."

The basic question is whether or not the plaintiff was required to file a financing statement. We think such filing was necessary to protect the plaintiff's rights as against creditors.

The case is governed by Section 9-307 (2) of G.L. c. 106, the Uniform Commercial Code, which, so far as pertinent, reads as follows:

"In the case of consumer goods—a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value and for his own personal, family or household purposes or his own farming operations unless *prior to the purchase the secured party has filed a financing statement covering such goods.*"

Under Section 9-302 (1) (c) and (1) (d) no filing is required to perfect a purchase-money interest in the consumer goods or farm equipment subject to this subsection *except motor vehicles* required to be licensed; filing is required to perfect security interests in such goods or equipment other than purchase-money interests and, for *motor vehicles, even in the case of purchase-money interest.* The Massachusetts Code omits "motor vehicles" from the statute, therefore, motor vehicles being consumer goods, no filing is required to perfect the security interest in Massachusetts.

"However, under Subsection (2) of 9-307 Cited Supra, *a buyer of consumer goods* or farm equipment *takes free* of a *security interest even though perfected* (a) if he *buys without knowledge* of the *security interest,* (b) *for value,* (c) for *his own personal, family,* or *household purposes* (or in the case of farm equipment for his own farming operations), and (d) before a financing statement is filed."

Prior to the Code, title remained in the vendor and the creditor took subject to that

title. *Marsh* v. *S. M. S. Company,* 289 Mass. 302.

Under the present Code, the purchaser is now protected under Section 9-307 (2) Cited Supra, and a creditor would appear to have the same protection as a purchaser despite the fact that his primary object in purchasing the car is to satisfy a debt rather than to *purchase* it for his own use as defined in said Section. *Aronian* v. *Asadoorian,* 315 Mass. 276. There are no cases as yet in Massachusetts on this particular point since the Code.

It is quite apparent from the record in the instant case, and the judge so found, that the defendant purchased for value, for his own personal or family use and without knowledge of the security interest, and no financing statement having been filed, he takes free and clear of the security interest. There was no wrongful taking. Uniform Commercial Code, Cited Supra.

It follows, therefore, that the judge was correct in denying the plaintiff's requests for rulings No. 5 and 9, and in allowing defendant's requests.

There being no prejudicial error, *an order should be entered dismissing the report.*

Harry Sesnovich, Daniel Sesnovich, A. S. Novick, all of Boston for the Plaintiff.

Felix F. Perrone, of New Bedford for the defendant.