GEORGE F. SOWLE *vs.* EMPIRE MUTUAL INSURANCE COMPANY.
April 17, 1974. The plaintiff has appealed from an interlocutory
decree which expressly overruled his objections to and confirmed the
master's amended (substitute) report and impliedly denied the plain-
tiff's alternative motions to recommit the report or to discharge the
master, and from a final decree which dismissed a bill brought to
secure injunctive and other relief. The evidence before the master
was not reported. The arguments before us have been confined to
the interlocutory matters. See Rule 1:13 of the Appeals Court,
1 Mass. App. Ct. 889 (1972). Objections addressed to the master's
rulings on the admission or exclusion of evidence, and that certain
findings were based on improperly admitted evidence, did not lie
because the plaintiff failed to comply with the master's direc-

tion at the outset of the hearing (disclosed by his certificate) that all exceptions to evidentiary rulings be presented in writing at the close of the hearing. The master was excused by the third sentence of Rule 90 of the Superior Court (1954) from furnishing the summaries of evidence which were essential to any consideration of the objections that various findings were not supported by the evidence. Objections that the master failed to make particular or further findings were "worthless." *Minot* v. *Minot,* 319 Mass. 253, 258-259 (1946). *United Auto Supply Co. Inc.* v. *Amaro,* 346 Mass. 625, 627 (1964). Objections that certain subsidiary findings were "inconsistent with the other findings in the [r]eport" lacked the necessary specificity. *Zuckernik* v. *Jordan Marsh Co.* 290 Mass. 151, 155 (1935). *Sheppard Envelope Co.* v. *Arcade Malleable Iron Co.* 335 Mass. 180, 188 (1956). None of the ultimate findings was inconsistent in any material respect (see *DiMare* v. *Capaldi,* 336 Mass. 497, 501 [1957]) with any of the subsidiary findings, and the plaintiff has not argued (see *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 [1958]) the legal significance of the only ultimate finding which may not have been adequately supported by subsidiary findings. There was no error in denying the motions to recommit and to discharge. See *Minot* v. *Minot,* 319 Mass. 253, 258-259, 260-261 (1946); *Cross Co.* v. *Clermont's, Inc.* 361 Mass. 874, 875 (1972). The interlocutory decree is to be modified so as to strike from the amended report the rulings of law made by the master (*Aurea Aspasia Corp.* v. *Crosby,* 331 Mass. 515, 518 [1954]; *P & D Serv. Co. Inc.* v. *Zoning Bd. of Appeals of Dedham,* 359 Mass. 96, 97-98 [1971]) which are the subject of objections 39 and 40 and as so modified is affirmed. The final decree is affirmed with costs.

*So ordered.*

*Israel Bernstein* for the plaintiff.
*Warren A. Powers* for the defendant.