PETER V. NYCHIS, individually and as administrator and guardian, *vs.* VICTOR G. FIELDS, individually and as executor. June 6, 1979. The defendant appeals from a judgment confirming a master's report requiring him to account, inter alia, for profits derived from two parcels of real estate. The master found that a partnership existed; the defendant argues that the plaintiff, those he represents, and the defendant own the parcels as tenants in common. In either event, the defendant had a duty to account to the plaintiff for the rents and profits received from others. *Dewing* v. *Dewing*, 165 Mass. 230, 231 (1896). *Robinson* v. *Robinson*, 173 Mass. 233, 239-240 (1899). *Fiske* v. *Quint*, 274 Mass. 169, 173 (1931). Restatement of Restitution § 125(2) (1937). On the basis of the facts found by the master, it is clear that the defendant, with the exception noted below, also had a duty to account for the other items reflected in the judgment.

We reject one of the conclusions of the master. See *Corrigan* v.
*O'Brien,* 353 Mass. 341, 346 (1967). After computing the profits which
the plaintiff was entitled to receive, the master also awarded an addi-
tional amount which was already reflected in the computation of
profits. The sum of $1,036.20 should not have been added to the plain-
tiff's award. Accordingly, the amount of $16,181.35 in lines three and
four of the first paragraph of the judgment is to be reduced by
$1,036.20.

The trial judge did not err in rejecting the defendant's other conten-
tions. The defendant objected to virtually all the findings in the mas-
ter's report which were unfavorable to him. A party cannot convert
a question of fact into one of law by asserting that almost all the
findings raise questions of law and thus cause practically all the evi-
dence in the case to be summarized and reported. See *Minot* v. *Minot,*
319 Mass. 253, 260 (1946); *H. Piken & Co.* v. *Planet Constr. Corp.,* 3
Mass. App. Ct. 246, 248 (1975).

The order of reference to the master did not require him to report
the evidence, nor does it appear that the master selected or approved
a stenographer before any evidence was introduced. See Rule 49, § 7,
of the Superior Court, as amended, effective May 8, 1976; *Newton
Housing Authy.* v. *Cumberland Constr. Co.,* 5 Mass. App. Ct. 1, 7 (1977).
The defendant's claims based on evidence outside the report have no
standing. We have reviewed the record before us and conclude that
except for the item previously corrected, none of the defendant's objec-
tions has any merit, and there is no error shown on the face of the
report. The subsidiary findings of the master are binding on us. *Worm-
stead* v. *Town Manager of Saugus,* 366 Mass. 659, 660 (1975).

The judgment is to be modified in accordance with this opinion and,
as so modified, is affirmed.

*So ordered.*

*Victor G. Fields,* pro se.
*George C. Decas* for the plaintiff.