# RESCRIPT OPINIONS.

MARY LOUISE ROWE vs. RANSOM ROWE. June 29, 1979. 1. Two of the arguments now urged upon us (concerning the admission of certain parol evidence and the failure to give credit for legal fees expended by the defendant) have no basis in the defendant's objections to the master's report which were filed in Superior Court. Since those issues were not presented to the trial judge we shall not consider them now in reviewing his actions. *Artco, Inc.* v. *DiFruscia,* 5 Mass. App. Ct. 513, 516 (1977).

2. The defendant's objections to the master's report numbered 1, 5, 6, and 7 turn on evidence not reported, and, in the absence of compliance with the provisions of Rule 49(7) of the Superior Court, as amended, effective May 8, 1976, relative to obtaining summaries of the evidence, were properly overruled. *H. Piken & Co.* v. *Planet Constr. Corp.,* 3 Mass. App. Ct. 246, 249 (1975). *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 189 (1976). The objections numbered 2, 3, and 4 were properly overruled as they were merely objections to the master's failure to make certain findings. *Minot* v. *Minot,* 319 Mass. 253, 259 (1946). *Sowle* v. *Empire Mut. Ins. Co.,* 2 Mass. App. Ct. 824, 825 (1974). The eighth objection, a general objection to a multiplicity of findings, failed to state the grounds therefor, as required by Mass.R.Civ.P. 53 (e) (2), 365 Mass. 820 (1974), and was properly overruled for that reason.

3. Notwithstanding the above, the sum awarded to the plaintiff is to be reduced from $2,718.79 to $1,777.29 to reflect the correction of a computational error. It is obvious from the master's subsidiary finding no. 14 that in his ultimate finding no. 10 he failed to take into account the fact that the defendant had already paid the plaintiff the sum of $941.50. See *Nychis* v. *Fields,* 7 Mass. App. Ct. 931 (1979). As so modified the judgment is affirmed.

*So ordered.*

*William M. Leonard* for the defendant.
*George S. Chefitz* for the plaintiff.