BUILDERS IRON WORKS, INC. *vs.* COMMONWEALTH. August 29, 1980. A judge in the Superior Court adopted the master's report and entered judgment for the plaintiff in its action, brought under G. L. c. 258 (as in effect prior to St. 1978, c. 512, § 15), for unpaid work performed by the plaintiff in reconstructing a bridge in Haverhill. From that judgment the defendant appeals. There was no error.

The defendant filed forty-eight objections to the master's report, a substantial number of which raised the question of the sufficiency of the evidence to support certain of the master's findings. Because the defendant failed to comply with the provisions of rule 49, § 7, of the Superior Court, as amended, (1976), relative to obtaining summaries of the evidence, its objections were properly overruled. See *Minot* v. *Minot,* 319 Mass. 253, 260 (1946); *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 187-189 (1976); *Lowell Bank & Trust Co.* v. *D'Annolfo Constr. Co.,* 6 Mass. App. Ct. 825 (1978); *Nychis* v. *Fields,* 7 Mass. App. Ct. 931 (1979); *Rowe* v. *Rowe,* 8 Mass. App. Ct. 870 (1979); *Miller* v. *Winshall,* 9 Mass. App. Ct. 312, 315 (1980). The remaining objections to the master's report argued in the defendant's brief purport to raise questions of law, with regard to whether certain findings made by the master are relevant to the issues and prejudicial to the defendant, the determination of which, the defendant argues, depends on unreported evidence, thus requiring the master to append summaries of the evidence to his report. No error of law is shown in the judge's adoption of the report, notwithstanding the master's failure to append such summaries to his report. As this court stated in *Nychis* v. *Fields,* 7 Mass. App. Ct. at 932, "A party cannot convert a question of fact into one of law by asserting that almost all the findings raise questions of law and thus cause practically all the evidence in the case to be summarized and reported." See also *Minot* v. *Minot,* 319 Mass. at 260. Furthermore, the motion to recommit was not accompanied by an affidavit (see Rule 9 of the Superior Court [1974]) specifying the evidence necessary to enable the court to determine the particular question of law raised by each objection, within the meaning of rule 49, § 7. See *Epstein* v. *Epstein,* 287 Mass. 248, 253-254 (1934); *H. Piken & Co.* v. *Planet Constr. Corp.,* 3 Mass. App. Ct. 246, 249 (1975). We have reviewed the record with a view toward examining the remaining objec-

tions, and conclude that there is no error shown on the face of the report. In light of the master's subsidiary findings, which are binding on this court unless mutually inconsistent, contradictory, clearly erroneous or vitiated in view of the controlling law (*Dawson* v. *Rogers*, 7 Mass. App. Ct. 351 [1979]), we find no error in the master's ultimate findings that the work performed by the plaintiff using thirteen additional cubic yards of cement mortar for patching deteriorated areas of the bridge, done at the direction of the defendant's resident engineer, came within the scope of work authorized under contract item 106.24, and that the plaintiff was entitled to be paid for that work at the rate designated in the contract for item 106.24 (i.e., $1,000/cu. yd.). Judgment for the plaintiff in the amount of $15,058.28 plus interest was therefore correct.

*Judgment affirmed.*

*Francis X. Bellotti*, Attorney General, & *Richard E. Rafferty*, Assistant Attorney General, for the Commonwealth, submitted a brief.