GEORGE W. BUMPUS *vs.* GEORGE F. CHURCH.

Plymouth.   November 16, 1938. — February 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Equity Pleading and Practice,* Master: recommittal, confirmation of report, exceptions to report, findings.

A decree of the Superior Court confirming a master's report "as modified by" his "report after recommittal," could not be disturbed by this court on the ground that the master on recommittal had not obeyed a direction to report the evidence and make findings on certain issues.

An exception to a master's report must be overruled unless grounded on an error apparent on the face of his report.

A master's ultimate conclusion not shown by his report to have been based solely on the subsidiary findings recited and not inconsistent therewith must stand in the absence of a report of the evidence.

BILL IN EQUITY, filed in the Superior Court on January 28, 1937.

The decrees were entered by order of *J. W. Morton,* J.

The confirmation of the master's report was of the "report as modified by the master's report after recommittal."

*W. B. Perry, Jr.,* (*J. Lipsitt* with him,) for the plaintiff.
*L. L. Dexter,* for the defendant.

LUMMUS, J.   Each party claims title to woodland where both have cut timber, and each seeks an injunction against further cutting by the other.   The decisive question is the location of the boundary line.   A master found that the cutting was on the easterly or defendant's side of the line.   By an interlocutory decree exceptions of the plaintiff to the master's report were overruled, and the report was confirmed.   A final decree was entered, establishing the boundary line, restraining the plaintiff from cutting to the eastward of that line, and ordering the plaintiff to pay damages in the sum of $50 with costs.   The plaintiff appealed from both decrees.

The plaintiff complains that, though upon his motion the report was recommitted to the master with directions to report the evidence and make subsidiary findings upon certain matters of fact, the master failed to comply.   His complaint appears well founded.   But the report after recommittal was confirmed, and this court cannot enforce obedience to the decree of recommittal where the Superior Court did not.   Recommittal for such a purpose "is discretionary with the court that issued the rule and retained power to modify it by implication as well as expressly." *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 483–484. *Spilios* v. *Papps,* 288 Mass. 23, 27.   *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, 202, 203.   *Commonwealth* v. *Bartolini,* 299 Mass. 503, 509–510.

The plaintiff's exceptions to the master's report fail under the established rule that an exception to a master's report cannot be sustained unless the error is made to appear on the face of the report itself.   *Zuckernik* v. *Jordan*

*Marsh Co.* 290 Mass. 151, 155. *Morin* v. *Clark,* 296 Mass. 479, 484. The evidence is not reported. The conclusions of the master do not purport to be based only upon subsidiary findings, and must stand, since they are not inconsistent with any subsidiary findings reported. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 435–436.

<div align="right">

*Interlocutory decree affirmed.*

*Final decree affirmed with costs.*