MACDONALD AND PAYNE MACHINE COMPANY, INC. *vs.*
METALLIC ARTS OF NEW ENGLAND, INC.
(and a companion case [1]).

Suffolk.    February 8, 1949. — June 6, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Contract*, Modification, Waiver, Performance and breach.    *Waiver.*
    *Practice, Civil*, Variance; Appellate Division: appeal.

A finding that the parties to a contract for manufacture of dies modified
    it by extending the time for performance was warranted by evidence
    that, at about the expiration of the time originally set, the manu-

---

[1] The companion case is Metallic Arts of New England, Inc. *vs.* MacDonald and Payne Machine Company, Inc.

facturer was informed of changes in the specifications necessitating additional work on his part and that he acted on such information.

Evidence of conduct of one for whom dies were manufactured under a contract warranted a finding that he waived a requirement of the contract that the dies be completed within a specified period of time.

Waiver of a requirement of performance within a specified time of a contract for manufacture of dies left the time for performance a reasonable time.

A question of variance not raised at a trial in a Municipal Court nor reported by the trial judge was not open in this court upon appeal from an order by the Appellate Division dismissing the judge's report.

Two ACTIONS OF CONTRACT. Writs in the Municipal Court of the City of Boston dated September 18, 1947.

The cases were heard by *Tomasello,* J.

*B. P. Rome,* for Metallic Arts of New England, Inc.

*H. L. Barrett, (R. A. Pritchard* with him,) for MacDonald and Payne Machine Company, Inc.

SPALDING, J. These are two actions of contract which were tried together. In one action MacDonald and Payne Machine Company, Inc. (hereinafter called MacDonald), seeks to recover from Metallic Arts of New England, Inc. (hereinafter called Metallic), under count 1 of its declaration the sum of $1,948 for labor and materials as set forth in its account annexed; in its second count recovery of the same amount is sought as a balance due under an alleged contract to make certain dies for Metallic. Both counts are for the same cause of action. In the other action, which arises out of the same transaction, Metallic is seeking to recover the sum of $500, which it paid to MacDonald as a deposit in connection with the contract for the manufacture of the dies, because of an alleged breach of the contract on the part of MacDonald. Metallic also seeks consequential damages. The judge found for MacDonald in each action. The cases then went to the Appellate Division on a consolidated report, and from an order entered there dismissing the report Metallic appealed.

A summary of the pertinent evidence follows: About May 1, 1947, the parties entered into negotiations looking toward a contract, under the terms of which MacDonald

was to manufacture certain dies to be used for stamping out lens caps in accordance with plans and specifications submitted by Metallic. The dies were to be completed within five weeks. At the time of these negotiations Metallic had obtained an order from a third party (Speedomatic Corporation) for the manufacture of lens caps, delivery of which was to start on May 19, 1947, and MacDonald knew of this. On May 9, 1947, MacDonald wrote Metallic confirming the price for the dies, which had previously been quoted, and on May 15 Metallic submitted a written purchase order accompanied by its check for $500. About the middle of June, 1947, Metallic advised MacDonald that the thickness of the material to be used in the manufacture of the lens caps was to be changed and this necessitated thirty-five hours' additional work for which a charge was made. On six occasions between June 2, 1947, and July 16, 1947, Metallic called MacDonald asking when the dies would be completed.

Starting in July, 1947, the Speedomatic Corporation began to reduce its order with Metallic because of the latter's failure to produce the lens caps, and MacDonald was so informed. On August 20, 1947, the Speedomatic Corporation cancelled its entire order with Metallic. On the same day Metallic wrote MacDonald cancelling its contract for the manufacture of dies, giving as its reason MacDonald's delay in completing the contract and the fact that Speedomatic Corporation, its customer, had cancelled its order for the lens caps. At that time Metallic knew that MacDonald was still working on the dies and believed that they were nearly completed. On August 22, 1947, MacDonald wrote to Metallic stating that the dies were completed and were being held subject to its order and asking for shipping instructions.[1] Metallic informed MacDonald that it would not accept the dies. There was no further correspondence or communication between the parties and the dies were never shipped.

---

[1] It does not appear whether, at the time of its letter of August 22, MacDonald had received notice of Metallic's cancellation.

In July, 1947, before the dies had been completed, Mac-
Donald, in accordance with a custom of the industry, sub-
mitted samples of the stampings made by the dies. From
the samples it was not possible to determine whether or
not the dies would produce stampings in accordance with
Metallic's specifications. "Sample stampings which . . .
[MacDonald] brought into court . . . were not in accord-
ance with the plans and specifications." MacDonald also
produced one of the dies, and it introduced testimony
that the other dies were complete and would produce stamp-
ings in accordance with the plans and specifications. Up
to the time that Metallic examined the stampings in court
it had raised no question as to the ability of the dies to
produce stampings in accordance with the plans and speci-
fications.

Metallic urges that the judge erred in denying its fourth
request which sought the following ruling: "The plaintiff
[MacDonald] having failed to seasonably complete the
order cannot recover in this action." In denying the
request the judge stated, "Inapplicable as I find on facts
delay in performance was waived by the defendant
[Metallic]." Ordinarily the question of waiver is one of
fact. *Fox* v. *Harding,* 7 Cush. 516, 520. *Reid* v. *Doherty,*
273 Mass. 388, 389. *Cueroni* v. *Coburnville Garage, Inc.* 315
Mass. 135, 138. If there was evidence which would war-
rant the finding just mentioned, the request was rightly
denied. Although it is stated in the report that "said dies
were to be completed within five weeks," no reference to
any such requirement is found in the written confirmation
of the price submitted to Metallic by MacDonald on May 9,
nor in the written acceptance or purchase order dated
May 15. Whether the statement just referred to is merely
evidence or a statement of fact is not clear.[1] But assuming
that there was such a requirement, we are of opinion that
there was evidence which would warrant a finding that it
was waived. On that assumption, since the contract was

---

[1] The judge appears to have dealt with the case on the basis that the dies
were to be completed within five weeks.

324 Mass. 353                                                    357

MacDonald & Payne Machine Co. Inc. *v.* Metallic Arts of New England, Inc.

made on May 15 when the purchase order was submitted to MacDonald, the time for the completion of the dies would run from that time, or until June 19. Around the middle of June Metallic informed MacDonald· of a change in the specifications. In view of this and the fact that MacDonald acted on this information, it could have been found that the parties had agreed to a modification of the contract and an extension of the time for its completion. As late as July 16 Metallic called MacDonald on the tele= phone to inquire when the dies would be completed, which indicates that it knew MacDonald was still working on the order. On this evidence the judge could have found that Metallic waived the requirement of completion within five weeks. But if that requirement was waived it would not mean that the time when the contract was to be completed was without limits; it would still have to be performed within a reasonable time. *Marlowe* v. *O'Brien*, 321 Mass. 384, 386. *Kattor* v. *Adams*, 323 Mass. 686, 688. See G. L. (Ter. Ed.) c. 106, § 32 (2). We cannot say that the judge was required to rule as matter of law that the contract had not been completed within a reasonable time. The question was one of fact to be determined by the judge in consideration of all the evidence. *Schmoll Fils & Co. Inc.* v. *Wheeler*, 242 Mass. 464, 468. *Star Fuse Co. Inc.* v. *Prussian*, 248 Mass. 126, 136.

Metallic further contends that the judge erred in denying its sixth request which in substance asked for a ruling that MacDonald was not entitled to recover because there was no evidence that the dies manufactured by it were in accordance with the specifications. The request was rightly denied. It is true, as noted above, that there is a statement in the report that "sample stampings which . . . [MacDonald] brought into court . . . were not in accordance with the plans and specifications," but it also appears in the report that MacDonald "brought into court one of the dies and testified that the other dies were complete and in its shop; [and] that the dies would produce stampings in accordance with the plans and specifications."

It is apparent that the evidence on this issue was conflicting, and that the judge could not properly rule that there was no evidence that the dies were in accordance with specifications.

Concerning the remaining points little need be said. The contention that the judge erred in finding for Mac-Donald on its declaration because it did not conform to the proof is without merit. Since no question of pleading or of variance between allegations and proof was raised in the court below, no such question is open here. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384–385. *Walker* v. *Nickerson,* 291 Mass. 522, 523. See *Garfield* v. *Peerless Motor Car Co.* 189 Mass. 395, 404; *Pacheco* v. *Medeiros,* 292 Mass. 416, 419. Nor is it open to Metallic to argue on this record that the judge did not apply the correct rule of damages. Compare *Railway Express Agency, Inc.* v. *Michelson,* 311 Mass. 704, 708–709; *Lander* v. *Samuel Heller Leather Co. Inc.* 314 Mass. 592, 597.

*Order dismissing report affirmed.*