SAMUEL S. RESNICK & another *vs.* W. F. YOUNG, INCORPORATED.

Hampden.    September 21, 1949. — November 2, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Landlord and Tenant,* Option. *Contract,* Option. *Evidence,* Cumulative evidence. *Equity Pleading and Practice,* Master: exceptions to report, requests for findings, rulings of law, report of evidence.

A suit in equity to have declared void a notice given by the defendant, a lessor of real estate, to the plaintiff, the lessee, pursuant to a provision in the lease in substance that, in the event of a contemplated sale of the leased premises, the lessee would be entitled to notice thereof and thereupon would have an option to purchase on the terms of the contemplated sale, properly was dismissed where the plaintiff relied on a contention of a fraudulent intent of the defendant to exact from him an unjust price but a master found that "the defendant acted in good faith and without fraudulent intent."

The admission by a master of incompetent evidence that adds nothing to evidence already introduced without objection does not require the sustaining of an exception to the master's report.

A master is not required to deal with requests submitted to him for findings of fact and rulings of law.

An exception based on a failure of a master to make a brief, accurate and fair summary of so much of the evidence as was necessary to enable

the court to decide whether the evidence was sufficient in law to support a finding made by him had no merit where the record failed to show compliance with the requirements of Rule 90 of the Superior Court (1932) respecting a stenographer.

BILL IN EQUITY, filed in the Superior Court on February 12, 1948.

The case was heard by *Donnelly*, J., upon a report by a master.

In this court the case was submitted on briefs.

*A. Bettigole*, for the plaintiffs.

*R. W. Crowell & T. V. Moriarty*, for the defendant.

LUMMUS, J.   The plaintiffs are Samuel S. Resnick, and a corporation owned and operated by him called S. Resnick Realty Co.   The defendant corporation, on December 6, 1945, gave a lease to Resnick of real estate at the northeast corner of Main and Taylor streets in Springfield, for the term of fifteen years and four months from January 1, 1946. The lease contained the following provision: "In the event of a contemplated sale during the demised term of the real estate known and designated as 1659 Main Street south through the northeast corner of Main and Taylor streets or any part of said real estate, the lessor agrees to give to the lessee a notice in writing at least sixty (60) days before the contemplated sale of the substance of the terms upon which it is proposed to be made, which notice shall be sent by registered mail directed to the lessee at said demised premises, and thereupon within sixty (60) days from the date of the mailing of said notice the lessee shall have the right to purchase said premises upon the terms and conditions proposed, and on the failure of the lessee to exercise such option within the time aforesaid the option hereby granted to the lessee shall be and stand cancelled."

On December 22, 1947, the defendant notified the plaintiff Samuel S. Resnick as provided in the lease that it contemplated the sale of the demised real estate for $300,000 upon certain conditions stated.   The plaintiffs Samuel S. Resnick and S. Resnick Realty Co., to which the lease had been assigned, filed this bill in equity on February 12, 1948,

alleging that the defendant had negotiated with the contemplated buyer not only for the demised property but also for another property for a total price (subsequently determined to be $515,000), and fraudulently allocated $300,000 of the price to the demised property, which was in excess of its value, and the remainder to the other property, which was less than its value. The bill prayed that the notice sent by the defendant to the plaintiff Resnick be declared void, and that the defendant be ordered to sell both properties to the plaintiffs for $515,000, or the demised property to the plaintiffs for a fair price therefor.

The case was referred to a master under the form of rule contained in Rule 86 of the Superior Court (1932). The master found that the plaintiffs either could not or would not buy the demised premises on the terms stated in the defendant's notice of December 22, 1947. He found that "the allegations of the plaintiffs' bill with respect to intent to defraud and intent to exact an unjust price from the plaintiffs have not been sustained," but "that the representatives of the defendant acted in good faith and without fraudulent intent." Exceptions to the report were overruled, and the report was confirmed, subject to the appeal of the plaintiffs. That finding was decisive of the merits of the case. The bill was dismissed, and the plaintiffs appealed.

The plaintiffs excepted to the admission of testimony of the attorney for the defendant that he told the prospective buyer that he must offer separate prices for the two properties. This evidence was substantially the same as other evidence introduced without objection. *Bendett* v. *Bendett,* 315 Mass. 59, 65–66.

The plaintiffs complain that the master did not deal specifically with requests for findings of fact and rulings of law submitted by them, which the master says he has "considered." The short answer to this is that the master was not required to deal with such requests. *Tuttle* v. *Corey,* 245 Mass. 196, 203–204.

The plaintiffs complain further that the master did not make a brief, accurate and fair summary of so much of the

evidence as was necessary to enable the court to decide a question of law. *Minot* v. *Minot,* 319 Mass. 253, 259–261. Since their objections raise "the question whether the evidence was sufficient in law to support a finding of fact made by the master" (Rule 90 of the Superior Court [1932]), no such summary was required where as in this case the record fails to show that the evidence was taken by a stenographer selected or approved by the master before any evidence was introduced.

We find no error in the refusal of the judge to recommit the report, in the decree confirming the report, or in the final decree dismissing the bill.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*