WILLIAM CANTOR *vs.* GERALDINE CANTOR.

Middlesex.    February 10, 1950. — May 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Equity Pleading and Practice,* Master: report of evidence, findings, exceptions to report.

A party to a suit in equity, in order to obtain as of right from a master a summary of evidence under Rule 90 of the Superior Court (1932) after a request therefor and a refusal thereof by the master, must move for recommittal and support his motion by an affidavit under Rule 46 showing what a proper summary would be.

A conclusion by a master, which is not stated or shown to have been based solely on subsidiary facts reported and which may have been based on unreported evidence, is binding on the trial court and on this court unless shown by such subsidiary facts to be unjustified.

An exception to a master's report cannot be sustained except for error apparent on the face of the report.

BILL OF EQUITY, filed in the Superior Court on September 30, 1947.

The plaintiff appealed from decrees entered by order of *Kirk*, J.

In this court the case was submitted on briefs.

*A. S. Karff & E. S. Farmer*, for the plaintiff.

*R. I. Gottlieb*, for the defendant.

COUNIHAN, J. This is a suit originally begun by a husband against his wife, in which he seeks to establish, by way of resulting trust, his ownership of certain real estate at 4 Francis Avenue, Cambridge, and of the household furniture and other personal property therein, and also of the household furniture and other personal property in premises at 7 Francis Avenue. The wife denied the allegations of the husband, and by way of counterclaim seeks to establish her ownership of premises at 7 Francis Avenue, of two insurance policies on her life, and of certain personal property in possession of the husband. When this suit was begun on September 30, 1947, the parties were husband and wife and will be so referred to hereinafter. They are now divorced by decree which became absolute on November 17, 1948. The suit was referred to a master by a rule conformable to Rule 86 of the Superior Court (1932). To the report of the master made on May 17, 1949, the husband filed six objections based upon alleged inconsistent findings of facts and conclusions unsupported by subsidiary findings of facts. The husband also on May 20, 1949, filed a motion "that the master's report be recommitted to the master." After hearing the judge on June 6, 1949, sustained exception 1 and overruled exceptions 3 and 4. He recommitted the report to the master to clarify certain inconsistencies in the report and also to find and report the subsidiary facts upon which the ultimate facts were found relative to the insurance policies. The husband appealed but only from that part of the interlocutory decree overruling exceptions 3 and 4. The judge reserved action on exceptions 2, 5, and 6 "until after the master shall have filed a supplementary report." The master complied with the decree of the judge and filed

a supplementary report. Thereupon, after counsel for the husband stated that he did not care to be heard further, the judge on June 27, 1949, confirmed the master's report and the master's report on recommittal and overruled exceptions 2, 5, and 6. From this interlocutory decree the husband appealed. The husband filed with the master on May 16, 1949, two requests for a report of the evidence under Rule 90 of the Superior Court (1932) together with an affidavit which purported to but did not contain a brief, accurate, and fair summary of the evidence upon which he relied to show error. The master attached these requests to his first report but refused to make the summary requested. These requests do not appear to have been brought specially to the attention of the judge, and no action was ever taken by the judge on them. After the interlocutory decree by the judge on June 6, 1949, no motion to recommit for any purpose was ever filed. The husband argues, however, that the action of the judge in failing to recommit the entire report (although he reserved no rights as to this) was error.

There was no error in failing to recommit the master's report even if we assume, without deciding, that the point is now open on appeal from the final decree. *Patterson* v. *Simonds*, 324 Mass. 344, 351. The only way, as matter of right, by which an aggrieved party may obtain a summary of evidence is to move for a recommittal under Rule 90, supported by an affidavit under Rule 46 showing what would be a proper summary, so that there may be set forth in the report a brief, accurate, and fair summary of the evidence to test the findings of the master. *Minot* v. *Minot*, 319 Mass. 253, 259, 260. This the plaintiff failed to do after the report had been recommitted by the decree of June 6, 1949. Furthermore he was entitled to no such summary of evidence where, as in this case, the evidence was not taken by a stenographer as required in Rule 90.

There was no error in the action of the judge in overruling the exceptions of the husband. "The evidence is not in-

cluded in the master's report and it does not state nor show
that his ultimate findings of fact [other than those relative
to the insurance policies] are based solely on the subsidiary
facts set forth in the report. The ultimate findings may
have been rested on evidence heard by the master, which
was not before the . . . [judge] and is not before us. Con-
sequently the . . . [judge] and this court are bound by the
ultimate findings unless the subsidiary facts stated are suffi-
cient in themselves to demonstrate that the ultimate find-
ings could not be justified upon any evidence that the
master might have received." *Dodge* v. *Anna Jaques Hos-
pital*, 301 Mass. 431, 435. No subsidiary facts were here
found inconsistent with the ultimate findings, which are
therefore binding on us. We have repeatedly held that it is
elementary that exceptions to a master's report cannot be
sustained unless there is error apparent on the face of the
report itself. *Minot* v. *Minot*, 319 Mass. 253, 258. *Brod-
erick* v. *Broderick, ante*, 579.

There was no error in confirming the master's report as
modified by the decree of June 6, 1949, and the master's
report upon recommittal, or in entering the final decree.
The master made specific findings that the furniture and the
personal property at 4 Francis Avenue are "the property of
the defendant — purchased by her principally through her
own efforts and with her own money"; that the real estate
at 4 Francis Avenue "was purchased by and title was taken
in the name of the defendant as her separate property, free
of any trust"; that the furniture and other personal prop-
erty at 7 Francis Avenue "are all the property of the de-
fendant and were acquired by her either through purchase
or gifts"; that as to the real estate at 7 Francis Avenue,
"both the plaintiff and defendant, when this property was
purchased, intended that their ownership therein should be
as 'tenants by the entirety and not as tenants in common'"
and "that their interest in this property remained that way
until the plaintiff and defendant were divorced"; that the
personal property in possession of the husband and claimed
by the wife in her counterclaim "are the personal property

of the defendant, that she loaned them to the plaintiff to adorn his office and that she is entitled to their return"; and that both insurance policies on her life are "the property of the defendant and should be returned to her by the plaintiff." The husband did not argue that the evidence was insufficient to support these findings and they must stand. They support the final decree.[1]

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*