JOHN J. STONE vs. STANLEY MALCOLM.

Middlesex. February 9, 1955. — June 14, 1955.

Present: QUA, C.J., RONAN, WILKINS, & COUNIHAN, JJ.

*Equity Pleading and Practice*, Master: requests for findings, exceptions to report. *Evidence*, Refreshment of witness's recollection.

A master may consider requests for findings of fact but need not make the findings so suggested. [707]

An exception to a master's report on the ground that his findings are in general inadequate has no merit. [708]

An exception to a master's report resting only upon assertions of counsel must be overruled. [708]

An exception to a master's report on the ground that he violated a ruling by a judge that certain books and records should not be used as evidence at the hearing before the master was properly overruled where the master's report showed that he merely allowed one of the parties to use such records to refresh his memory while a witness. [708–709]

BILL IN EQUITY, filed in the Superior Court on November 15, 1951.

The suit was heard by *O'Brien, J.*, upon a master's report.

*Edward M. Joyce*, for the plaintiff.

*Morris T. Silverstein*, (*Richard J. O'Neil* with him,) for the defendant.

RONAN, J. The plaintiff, a manufacturer of and dealer in combination storm windows, appeals from an interlocutory decree confirming the master's report and from a final decree, entered in a suit brought for an accounting and damages, adjudging that the plaintiff is owed $2,102.58 and dismissing the defendant's counterclaim.

The plaintiff in September, 1948, organized a corporation and commenced to manufacture and sell combination screen and storm windows, but the corporation ceased doing business in June, 1951, and was subsequently dissolved. In 1951 he began to do the same kind of business as an individual under the name of Atlas Window Manufacturing

Company, but he was unable because of lack of capital to make any satisfactory progress. The defendant, a retired employee of a large electric manufacturing company where he had been in charge of a crew of mechanics and machine tool operators, learned of the plaintiff's situation, made an investigation of the plaintiff's business, and found that there was a market for a good window at a reasonable price. The defendant was interested in assisting his son-in-law, one Iverson, to obtain a financial interest in the business.

The plaintiff and the defendant made an oral agreement whereby the plaintiff was to give a written power of attorney to the defendant authorizing the latter to handle all the finances of the business including all receipts and payments. The defendant was to keep all books and records and have general supervision over the manufacture and sale of windows. The defendant also agreed to make up any lack of necessary funds in the early development of the business. He did not, however, agree to supply any definite amount. The wages to be paid to certain employees were fixed including the defendant who was to be paid $100 a week when the business became capable of paying it. When the business warranted it, it was to be transferred to a corporation in which the plaintiff and the defendant were each to have a one-third interest, and Iverson, a foreman, and one Rindone, a salesman, each a one-sixth interest. It was further agreed that the defendant would withdraw from the business if either the plaintiff or the defendant was unwilling that the defendant should continue.

The plaintiff gave the defendant a power of attorney on July 12, 1951, to enable the latter to perform his duties in accordance with the agreement. The defendant opened up a commercial account in a bank in which he deposited the receipts and from which he paid the obligations of the business. Production was greatly retarded by the middle of October, 1951, because of the return of defective windows. The plaintiff on November 7, 1951, requested the defendant to withdraw from the business, but the defendant demanded the payment of $5,200 for money advanced and for back

salary before he would turn over the books and records to the plaintiff. The refusal of this demand by the plaintiff was followed in about a week by the filing of the present bill.

The collections made by Rindone, the salesman, from customers to whom he sold the windows usually consisted of one half in cash and one half in checks. He turned over the cash and checks to the defendant who retained the cash and deposited the checks. The defendant kept no record of the amount of cash he received nor did he keep any record of the amount of the cash he handled while he was associated with the plaintiff.

The plaintiff gave the master fifty-nine requests for findings of fact and rulings of law. The master's report was filed on February 5, 1954. We do not know when counsel were furnished with a copy of the draft report. These requests were advisory in character setting forth counsel's views of the facts and of the law and virtually suggesting the conclusions the master should reach on various aspects of the case. The master could consider these requests in so far as he found them of assistance in coming to a correct decision. A master should weigh all the evidence which has been introduced before him and, after he has arrived at a settled conviction as to all the facts, he should then proceed to draft a report setting forth the facts as found by him, and file a report which will be free from inconsistencies and errors of law apparent on its face. The report as finally drafted was the report of the master and not that of counsel for either party. He was "not bound to make the findings [suggested to him by counsel] or to state his reasons for not doing so." *Manfredi* v. *O'Brien*, 282 Mass. 458, 460. *Tuttle* v. *Corey*, 245 Mass. 196, 203. *Resnick* v. *W. F. Young, Inc.* 324 Mass. 668, 670.

The plaintiff filed thirty-five objections to the report. The master attached to his report a summary of the evidence relating to objections numbered 7, 8, 9, 11, 13, 14, 19, 21, 22, 23, 25, 26, 27, 29, 30, and 31. Exception numbered 32 was to the failure of the master to give any of the fifty-nine re-

quests already discussed. Exception numbered 33 was to the effect that the findings of the master are in general inadequate. Such an exception is valueless. Other exceptions set forth that the master did not hold hearings at the times designated in the reference to him, that he did not number the paragraphs in his report, and that he did not understand the issues raised by the pleadings. Exceptions resting only upon the assertions of counsel are lacking in any support sufficient to sustain them. *Anderson* v. *Connolly,* 310 Mass. 5, 10. *Leventhal* v. *Jennings,* 311 Mass. 622. If the master was not holding the hearings in accordance with the terms of his reference, the matter could have been readily corrected by bringing it to the attention of the judge. In fact, this was done and the judge refused to revoke the reference. An examination of the report considered as a whole does not sustain the plaintiff's exceptions that it contains inconsistent findings. A few exceptions were taken to what were actually findings of fact and not questions of law. Other findings were assailed by arguments upon unreported evidence. The majority of the exceptions called for a summary of the evidence which the master was not required to give. *Russo* v. *Thompson,* 294 Mass. 44, 46–47. *New England Factors, Inc.* v. *Genstil,* 322 Mass. 36, 44. The plaintiff did not file any motion to recommit to correct any of the alleged errors of which he now complains. There was no error in confirming the report after it had been corrected with reference to a clerical matter and in entering the final decree. *Minot* v. *Minot,* 319 Mass. 253, 260. *Resnick* v. *W. F. Young, Inc.* 324 Mass. 668, 670, 671. *Cantor* v. *Cantor,* 325 Mass. 719, 721. *Boston Consolidated Gas Co.* v. *Department of Public Utilities,* 327 Mass. 103, 106. *MacDonald* v. *Goff,* 329 Mass. 220, 225. *Shaw* v. *United Cape Cod Cranberry Co., ante,* 675.

A judge refused to permit the defendant to amend an allegation in the answer that the defendant had turned over all the books and records to the plaintiff and ruled that the defendant was bound by that allegation and that the hearing before the master should proceed on the basis that these

records and papers should not be used as evidence. The plaintiff contends that the master violated this ruling and considered them as evidence. His report shows that this was not the fact. He merely allowed the defendant to use whatever records he had only to refresh his memory while a witness. *Renwick* v. *Eastern Massachusetts Street Railway,* 275 Mass. 145, 148. *Commonwealth* v. *Galvin,* 310 Mass. 733, 747. *Bendett* v. *Bendett,* 315 Mass. 59, 65.

<div style="text-align:right">

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of appeal to defendant.*