*Municipal Court of the City of Boston*

No. 485833

**CONSOLIDATED TRIMMING CORPORATION**

v.

**LOUNGE, INC.**

(February 2 - March 2, 1962)

*Present*: Riley, J. (Presiding), Lewiton & Hoag, JJ.

Case tried to *Gillen, J.*

*Lewiton, J.* This is an action of contract in which the plaintiff seeks to recover under Count 2 for goods which it claims to have manufactured specially for the defendant pursuant to written orders of the latter, and under Count 3 for storage charges for such goods after defendant wrongly refused to accept delivery of them.

At the close of the evidence, the defendant submitted certain requests for rulings, all of which were denied. The trial judge thereafter found for the plaintiff on each count. The defendant does not contest the amount of the findings, if the plaintiff was entitled to recover, but claims to have been aggrieved by the denial of his requests, the basic one of which was to the effect that the evidence did not "warrant" a finding for the plaintiff.

There was no error.

While the evidence was in some respects contradictory, the following facts could have been found by the trial judge:

The plaintiff's assignor (hereinafter referred to as the plaintiff), manufactured

at its mills in Montgomery, Pennsylvania, fringes which have been widely used from time to time in the manufacture of furniture. For several years, it had sold large quantities of such fringes to the defendant, a furniture manufacturer located in Boston, Massachusetts. In 1956 and 1957, the plaintiff received from the defendant three orders dated October 27, 1956, January 2, 1957, and January 18, 1957, respectively, for a special type of fringe, in varying colors and quantities as specified therein. These orders were all on the printed and numbered purchase-order forms of the defendant, and signed by its duly authorized representative, and stated the "terms" to be "F.O.B. Boston." (Prior orders had been F.O.B. Montgomery, Pennsylvania). Following receipt of the aforementioned orders, the plaintiff manufactured specially for the defendant the fringes specified therein and shipped them, freight pre-paid, "F.O.B. Boston, Massachusetts", in care of the plaintiff's local representative. The defendant received, accepted and paid for all of the items specified in the order of Octeber 27, 1956. Of the items specified in the orders dated January 2, 1957 and January 18, 1957, respectively, the defendant received, accepted, and paid for portions, and thereafter declined and refused to accept the balance. On numerous occasions after the defendant was notified that the balance of the merchandise was on hand in Boston and available for delivery to the defendant, the latter stated its in-

tention to accept the merchandise in question, but nevertheless continued its neglect and refusal to do so. The merchandise on which this action is based was not a stock item regularly manufactured and carried in stock by the plaintiff, but was a specialty item, manufactured only pursuant to prior written purchase orders from the defendant.

The plaintiff's representative who took the orders, and who was in charge of its Boston office, testified at the trial that there was a very small market for this type of goods, that he had no knowledge where the unaccepted merchandise could be disposed of at a resonable price, and that there was no known market for this merchandise other than with the defendant. He further testified that he had not at any time made any agreement with the defendant or the defendant's representatives to "stock" fringe in Boston for the defendant.

Among the exhibits introduced in evidence and attached to the Report to the Appellate Division was a letter dated February 13, 1958 from the defendant, signed by its authorized representative, and addressed to the plaintiff. This letter could reasonably be construed by the trial judge as an admission that the defendant had been notified that fringes covered by the foregoing orders were being held in the Boston office of the plaintiff awaiting shipping instructions from the defendant, and a further admission that the defendant recognized its obligation to receive that merchandise, but requested forbearance on the part

of the plaintiff "a little longer" until such time as the defendant actually needed the particular colors from among the merchandise so held by the plaintiff.

The defendant contended at the trial, and this contention was supported by testimony of its president, that the arrangements between the parties at the time the original orders were given were to the effect that the defendant would stock merchandise of the type and colors in question at its Boston office, so that the defendant could order and accept them when, as, and if it needed any of them. This testimony was contradicted by the representative of the plaintiff to whom the original orders were given.

■ The requested rulings which were filed by the defendant and denied by the court were all based on the assumption that the court was required as matter of law to accept the defendant's version of the transactions between the parties. These requested rulings were properly denied.

■ When oral testimony pertaining to a particular issue is in conflict, the trial court may not be required to rule as matter of law in favor of one disputed version or the other, in the absence of a binding admission by one party or other special circumstances not here present, *Memishian v. Phipps,* 311 Mass. 521, 522, 524; *Godfrey v. Caswell,* 321 Mass. 161, 163-4; *MacDonald & Payne Machine Co., Inc., v. Metallic Arts of N. B., Inc.* 324 Mass. 353, 357, 358.

Here the evidence clearly warranted findings by the trial court to the effect that firm, unqualified and unconditional orders were given by the defendant to the plaintiff, to manufacture this merchandise for the latter and to deliver it freight prepaid, F.O.B. Boston. On the evidence before the trial judge, he could properly have found that the transactions were as described by the plaintiff's witnesses and that the defendant had refused, without adequate cause, to accept merchandise which had been specially manufactured for, and appropriated to, the defendant's orders, fully in compliance with such orders.

*Report dismissed.*

John J. Carty, of Cambridge, for the Plaintiff.
John J. McCarthy, of Boston, for the Defendant.