THE CROSS COMPANY *vs.* CLERMONT'S, INC. & others. April 4, 1972. The defendants filed a bill of exceptions concerned solely with the denial by a Superior Court judge of the defendants' motion to recommit a master's report with instructions. The defendants also appealed from an interlocutory decree confirming the master's report, and from the final decree. The plaintiff corporation was engaged in the wholesale grocery business and also provided accounting and managerial service to retail grocers. For many years it provided goods and services to the defendant corporations. The plaintiff filed a bill of complaint seeking payment for goods sold and delivered. The three

defendant corporations counterclaimed for an accounting of money which had been paid to the plaintiff since January, 1966. The final decree directed each of the defendants to pay specified sums of money due to the plaintiff, all as found by the master, and the decree ordered that the counterclaims should be dismissed. There was no error. The defendants filed voluminous objections to the master's report which required sixty printed pages to reproduce, and incorporated multiple requests that the master should append summaries of various portions of the evidence. The master filed a written declination with his report. Thereafter the defendants filed no motion under Rule 90 of the Superior Court (1954) to recommit the report with directions to report a proper summary (*Proctor* v. *Norris*, 285 Mass. 161, 164, *Minot* v. *Minot*, 319 Mass. 253, 260–261, *Tzitzon Realty Co. Inc.* v. *Mustonen*, 352 Mass. 648, 650–651) nor did they file any affidavit under Rule 46 of the Superior Court (1954) showing what would be a proper summary. *Cantor* v. *Cantor*, 325 Mass. 719, 721. Therefore, there is no issue before us concerning the master's failure to file summaries of evidence. Additionally, we observe that the length and multiplicity of the defendants' objections and requests for summaries of evidence amounted to a demand that the master should summarize nearly all of the evidence from a lengthy and complicated trial. Rule 90 may not be thus subverted. *Milano Bros. Inc.* v. *Joseph Rugo, Inc.* 353 Mass, 767. The defendants filed a motion, which required fourteen printed pages to reproduce, that the case should be recommitted to the master for further findings of fact. This motion, which was denied, is addressed to the sound discretion of the judge. *Minot* v. *Minot*, 319 Mass. 253, 258. *Tzitzon Realty Co. Inc.* v. *Mustonen*, 352 Mass. 648, 651. The record contains not the slightest basis for concluding that the judge abused his discretion in denying the motion. We intend to express no approval of the master's report, however, which was not artfully drawn and did not afford nearly as much assistance to the court and parties as it should.

*Exceptions overruled.*
*Interlocutory and final decrees*
*affirmed.*

*Terence M. Troyer* for the defendants.
*John D. Dwyer* for the plaintiff.