Rescript Opinions.

CHARLES E. AJEMAN & another *vs.* JAMES A. DEPAOLO & another. June 5, 1972. The plaintiffs and defendants were owners of several companies engaged in the real estate development business. A disagreement arose between the parties concerning the operation of the business and they agreed to sever their relationship. On September 26, 1969, an agreement for dissolution was drafted and signed by the parties. It provided for a division of the assets of the companies and stated that "real property . . . will be valued on a 'fair market' basis by having an independent appraisal made of each parcel of land." The agreement named an appraiser and stated "[t]his appraisal shall be final and binding upon all parties hereto." On January 28, 1970, the parties met with the appraiser at which time the appraisals were fully discussed and agreed upon by the parties. The net result of the appraisal was that the plaintiffs were to pay the defendants the sum of $1,500. Subsequently, the plaintiffs brought this bill in equity seeking to have a receiver appointed, an accounting made and a declaration that the proposed division of assets made on January 28, 1970, was grossly unfair and inequitable. The matter was referred to a master who found, among other things, that the parties agreed to the hiring of an independent appraiser, that they understood that the appraiser's decision would be final and binding and that they agreed as to the method to be used in appraising the real estate. The master further found that the appraiser used a generally recognized and acceptable appraisal method, that his proposed division of assets was fair, reasonable and equitable and that the plaintiffs owed the defendants $1,500. The judge entered interlocutory decrees denying the plaintiffs' motion to recommit for further findings and allowing the defendants' motion to confirm the master's report. A final decree was entered dismissing the bill and (on a counterclaim by the defendants) ordering the plaintiffs to pay to the defendants the sum of $1,500 plus interest and costs. The plaintiffs appeal from the interlocutory and final decrees. The granting of a motion to recommit for further findings of fact rests in the sound discretion of the judge. *Tzitzon Realty Co. Inc.* v. *Mustonen,* 352 Mass. 648, 651. No abuse of that discretion appears. The master made comprehensive subsidiary and general findings of fact. His report is not "inadequate, lacking in analysis of vital points, or otherwise unsatisfactory" (*Minot* v. *Minot,* 319 Mass. 253, 258), nor are his findings "mutually inconsistent, contradictory or plainly wrong." *Crowley* v. *J. C. Ryan Constr. Inc.* 356 Mass. 31, 34. We observe that the plaintiffs filed no objections to the master's report. Finally, on the facts found by the master, the final decree entered by the judge was proper in all respects. *Foot* v. *Bauman,* 333 Mass. 214, 219. The plaintiffs here, after agreeing to a final and binding appraisal, have sought a re-evaluation from a master, a judge, and now this court. There is no reasonable basis for their contentions. The appeal is frivolous.

*Interlocutory decrees affirmed.*
*Final decree affirmed with double*
*costs of appeal to the defendants.*

*Alton F. Lyon* for the plaintiffs.
*A. Morris Kobrick* for the defendants.