## H. Piken & Co., Inc. *vs.* Planet Construction Corp. & another.

Suffolk.   May 23, 1974. — April 30, 1975.

Present: Rose, Goodman, & Grant, JJ.

*Contract,* Performance and breach, Building contract.  *Equity Pleading and Practice,* Master: recommittal, summary of evidence, findings.

In a bill in equity by a subcontractor seeking damages for various claims under its contract with a general contractor, it was error to award the subcontractor the cost of wage increases paid to its employees for work it was required to do after a lapse of two years from the start of construction where the contract contained no specific completion date and where there was no finding that the prolongation of the contractor's performance beyond two years was unreasonable. [247-248]

Where a party objected to various findings in a master's report on the ground that there was insufficient evidence to support them but did not demonstrate any error of law apparent on the record by filing an affidavit under Rule 46 of the Superior Court containing a summary of the relevant evidence and indicating that it was at least probable that the master's findings were erroneous, there was no abuse of discretion in refusing to recommit the report to the master for summaries of the evidence. [248-249]

Bill in equity filed in the Superior Court on December 7, 1970.

The suit was heard by *Kalus, J.,* on a master's report.

*Ann-Louise Levine* (*Alvin Jack Sims* with her) for the defendants.

*Sally A. Corwin* (*Jon C. Mazuy* with her) for the plaintiff.

Goodman, J.   The defendants, the general contractor for the construction of the Brockton High School (Planet) and the surety on its bond, appeal from interlocutory decrees denying the defendants' motion to recommit and

confirming the master's report and from a final decree awarding to the plaintiff, Planet's painting subcontractor (Piken), $40,271.35, with interest, for various claims in its bill in equity against the defendants.

1. Among Piken's claims was an item in the amount of $7,573.30, the cost of wage increases paid by Piken to its employees (as provided by union contracts) for work it was required to do after the lapse of two years from the start of construction, which was apparently sometime after June 22, 1967, the date Planet entered into the general contract to construct the school. The master disallowed the charge, but the trial judge included it in the final decree. We agree with the defendants that the trial judge erred in this respect.

Since the contract contained no specific completion date, Planet was bound to perform within a reasonable time. See *MacDonald & Payne Machine Co. Inc.* v. *Metallic Arts of New England, Inc.* 324 Mass. 353, 357 (1949). Piken contends that two years was the outside limit of the period constituting a reasonable time for Planet's completion of the contract and that since Planet did not complete the contract within that period, it is responsible for any increased wage costs incurred by Piken as a result of the delay. But this contention is not supported by the master's report. There is no finding that Planet's prolongation of its performance beyond two years was unreasonable, although such a finding was necessary to Piken's case. Indeed, the inference is to the contrary, for while the master found that "Piken reasonably could expect the project would be ready for painting work in a reasonable time after Planet started construction ... [he could not find] that Piken had any right to assume that the project would be finished within two (2) years ...."

Piken relies on the master's findings that "[w]hen Planet bid the job, one of the items in the general contractor's bid, was 'number of days' it would take to erect the high school ... [and that] Planet filled in '730' days which embraces a two (2) year period." But the master further found: "When Piken bid the job, (as a filed subbidder) it did not know

when the project was to be completed. The specifications, available to subbidders (whose bids are filed prior to the opening by the awarding authority of bids of the general contractors) make no reference to any completion date." See G. L. c. 149, § 44H. Thus such cases as *Alpert* v. *Commonwealth*, 357 Mass. 306, 320 (1970), which Piken cites and in which recovery is based on reliance on specifications, are inapposite. It is clear from the master's report that he did not consider that two years was "determinative" (as Piken contends) of a reasonable period; and Piken shows us nothing contrary to the general rule that "[t]he question [of what is a reasonable time for performance] [i]s one of fact to be determined by the . . . [master] in consideration of all of the evidence." *MacDonald & Payne Machine Co. Inc.* v. *Metallic Arts of New England, Inc.* 324 Mass. at 357.

2. The defendants filed objections to virtually all the findings in the master's report which were unfavorable to them, primarily on the ground, stated variously, that "[t]here is insufficient evidence upon which to conclude . . . ," that "the evidence does not support such a finding," that "the evidence to support the finding is insufficient . . . ," etc. (see *O'Brien* v. *Dwight*, 363 Mass. 256, 281 [1973]), and requested that the master report summaries of the evidence. The master declined to do so[1], and we cannot say that the court abused its discretion in refusing to recommit for this purpose. "A party cannot convert a question of fact into one of law by merely asserting that certain conclusions are required by the law, and thus cause practically all the evidence in the case to be summarized and reported." *Minot* v. *Minot*, 319 Mass. 253, 260 (1946). See *Tzitzon Realty Co. Inc.* v. *Mustonen*, 352 Mass. 648, 650 (1967); *Milano Bros. Inc.* v. *Joseph Rugo, Inc.* 353 Mass. 767, 768 (1968); *The Cross Co.* v. *Clermont's, Inc.* 361 Mass. 874, 875 (1972); *Peters* v. *Wallach*, 366 Mass. 622, 626 (1975).

---

[1] Also requested were summaries of the evidence underlying findings as to the applicability of Piken's subcontract. The defendants' sole contention in connection with these findings is also that such summaries should have been granted.

Any attack by the defendants as of right on the motion to confirm the master's report and the denial of the motion to recommit must fail because they have not demonstrated any error of law apparent on the record (*Israel* v. *Sommer*, 292 Mass. 113, 119 [1935]; *Bumpus* v. *Church*, 302 Mass. 419, 420-421 [1939], and cases cited) by filing an affidavit under Rule 46 of the Superior Court (1954) containing a summary of the relevant evidence and indicating that it "was at least such as to make it probable that his findings or failures to find were erroneous." *Boston Consol. Gas Co.* v. *Department of Pub. Util.* 327 Mass. 103, 106 (1951) (likewise rejecting a contention that "the master made certain findings not warranted by the evidence . . .").

The interlocutory decrees are affirmed.[2] The final decree shall be modified by substituting in paragraph 1 the sum of $32,698.05 for the sum of $40,271.35 and by making appropriate adjustments in interest and in the total. As so modified, the final decree is affirmed.

*So ordered.*

---

[2] Our disposition in part 1 makes Piken's motion to correct the interlocutory decree confirming the report immaterial, and it is denied.