ALBERT J. O'NEILL & another *vs.* FIRST IPSWICH COMPANY, INCORPORATED, & others. May 6, 1977. The judgment entered was clearly proper on the findings set out in the master's report. The defendants' contentions on the merits turn in the last analysis on findings they assert the master should have made but did not and on their ability to overcome certain findings of the master which they contend were not supported by the evidence. The contentions of the former group fall into an area where the trial judge has traditionally been accorded wide discretion (see *Kass* v. *Todd,* 362 Mass. 169, 173 [1972]; *Ajeman* v. *DePaolo,* 362 Mass. 861 [1972]), and the portions of the record furnished us in the appendix afford no basis whatever for a conclusion that the defendants were entitled as of right to findings which were not made or that the judge would have abused his discretion in denying a motion to recommit for that purpose. The latter group of contentions turns on whether the defendants complied with the provisions of Rule 49, § 7, of the Superior Court (1974), so as to be entitled as of right to summaries of the evidence underlying the challenged findings. But the master's report does not show that any preliminary objections were received by him prior to the filing of his report, as required by Rule 49, § 7, as in effect prior to the amendment of May 8, 1976. *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 189-190 (1976), and cases cited. Nor does anything in the appendix indicate that the defendants filed with the trial court an affidavit under Rule 9 of the Superior Court (1974) establishing that they had complied with the requirements of Rule 49, § 7, in a manner not reflected in the master's report or showing what would be a proper summary. See *Cross Co.* v. *Clermont's, Inc.* 361 Mass. 874, 875 (1972); *H. Piken & Co. Inc.* v. *Planet Constr. Corp.* 3 Mass. App. Ct. 246, 249 (1975), and cases cited. We may not assume that the defendants complied with these rules. Compare *Macera* v. *Mancini,* 327 Mass. 616, 619 (1951). Furthermore, the omission from the appendix of the motions to strike and to recommit, or any indication of what transpired at the hearing thereon, leaves us in ignorance of which, if any, of the contentions now urged by the defendants were raised by those motions. "[W]e see no occasion to send for the original papers in order to discover whether there is any merit to the ... [de-

fendants'] contentions." *Slater* v. *Burnham Corp.* 4 Mass. App. Ct. 791 (1976).

*Judgment affirmed.*

The case was submitted on briefs.
*Richard H. Gens* for the defendants.
*Jacob Stone* for the plaintiffs.