LOWELL BANK AND TRUST COMPANY *vs.* D'ANNOLFO CONSTRUCTION Co., INC. & others. January 11, 1978. 1. The only ground of demurrer still argued is devoid of merit. Although inartistically drawn, the bill is recognizable as one brought under G. L. c. 214, § 3 (7) (as in effect prior to St. 1973, c. 1114, § 62), to reach and apply so much of the indebtedness of Colonial Court Management Corporation (Colonial) and William F. D'Annolfo (William) to D'Annolfo Construction Co., Inc. (Construction), as might be necessary to satisfy the plaintiff's claim against Construction and Frank P. D'Annolfo. 2. The motion of Colonial (not joined in by William) to strike portions of the bill was anomalous and properly denied for that reason alone. See and compare *MacLennan* v. *MacLennan,* 311 Mass. 709, 713 (1942). 3. The motions of Colonial and William (defendants) (a) to vacate the order of reference to the master and (b) for leave to file a jury claim were not filed until the sixteenth day following the date set for the completion of the pleadings, and it cannot be said that the denial of either motion involved any abuse of discretion. See Rules 44 and 45 of the Superior Court (1954). 4. An order had been entered appointing stenographers to take the testimony before the master (see *Jones* v. *Wayland,* 4 Mass. App. Ct. 725, 729 [1976], further appellate review granted, 371 Mass. 900 [1977]), and (as was stipulated at the argument) a transcript of that testimony had been timely furnished to the master. The court, acting at the request of the defendants, recommitted the original report to the master in order to permit the defendants to submit preliminary objections thereto in the manner contemplated by Rule 49, § 7, of the Superior Court as in effect until May 8, 1976. The defendants thereafter submitted forty-seven objections to the master, together with a broadside request for summaries of the evidence claimed to be relevant to all the objections. See *Cross Co.* v. *Clermont's, Inc.,* 361 Mass. 874, 875 (1972). The master appended those objections to his amended report but provided no summary of any evidence. The defendants thereupon filed a second motion to recommit, for the purpose of securing the requested summaries. That motion was denied. A review of the objections discloses that forty-one of them were to "failure[s]" of the [m]aster to find" certain facts which might have been helpful to the defendants. Such objections are essentially "worthless" (*Minot* v. *Minot,* 319 Mass. 253, 261 [1946]), and the denial of the motion discloses no abuse of discretion so far as those forty-one objections were concerned. *O'Neill* v. *First Ipswich Co.,* 5 Mass. App. Ct. 820, 820 (1977). 5. The thrust of the remaining six objections was that the evidence before the master did not warrant the findings contained in six specifically numbered paragraphs of the master's original report (all of which were incorporated by reference in the master's amended report). None of these objections distinguished between and

among the various findings contained in any particular numbered paragraph of the report. The motion was not accompanied by an affidavit (see Rule 9 of the Superior Court [1974]) as to what would have been fair summaries of the evidence within the meaning of the aforementioned Rule 49, § 7. See *H. Piken & Co.* v. *Planet Constr. Corp.*, 3 Mass. App. Ct. 246, 249 (1975). When these six objections are considered in context, there is room for doubt whether they were designed to serve as anything more than emphasis on the supposed importance of the objections already considered in part 4 hereof. In all the circumstances, we are not persuaded that the judge abused his discretion in denying the motion so far as it related to these objections. 6. Having reached the conclusions set out in parts 4 and 5 hereof, we see no occasion to consider whether it was error to refuse to enlarge the time (see Mass.R.Civ.P. 53[e] [2], 365 Mass. 820 [1974]) within which the defendants could file final objections to the master's amended report so far as such objections might be based on the requested summaries of evidence. No sufficient reason appears why the defendants could not have filed timely objections to such aspects of that report as might not depend on summaries of the evidence. 7. As the defendants concede in their brief, their motion to strike the entire amended report raised no question not already considered in parts 4 and 5 hereof. 8. No other question has been argued within the meaning of Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*

*Roger S. Davis* for Colonial Court Management Corporation & another.

*Richard L. Fox* for Lowell Bank & Trust Company.

*Michael V. Pinelli* (*Charles F. Houghton* with him) for D'Annolfo Construction Co., Inc. & another.