⌐LOUIS T. FALCONE & another *vs.* KAUFMAN AND BROAD LAND CORPORATION. April 6, 1979. It is evident from the master's findings of fact numbered 4 through 8 that at least one of the conditions to which the purchase and sale agreement was made subject, namely, that relating to the availability of the sewer line, had not been satisfied within the time specified in the agreement. The plaintiffs' motion to recommit the case to the master for the purpose of having the master prepare and submit summaries of the evidence underlying those and other findings was properly denied, because the plaintiffs failed to comply with the requirements of Rules 9 (1974) and 49, § 7 (1976) of the Superior Court by filing an affidavit showing what would have been a proper summary of the relevant evidence. *Cantor* v. *Cantor*, 325 Mass. 719, 721 (1950). *H. Piken & Co.* v. *Planet Constr. Corp.*, 3 Mass. App. Ct. 246, 249 (1975). Nor did the judge err in refusing to recommit the report to the master for the purpose of having the master's evidentiary rulings appended to the report. The plaintiffs' affidavit showed that none of the excluded questions would have shed any light on the question why the town failed to bring a functioning sewer line to the property within the time specified for fulfilment of the condition, nor would any of those questions have disclosed that the defendant was responsible for the delay. Contrary to the contention which implicitly underlay the plaintiffs' offers of proof, the agreement did not impose on the defendant an obligation to cause or attempt to cause the town to complete the sewer line within the specified time. It is unnecessary to rule on any of the plaintiffs' other contentions.

*Judgment affirmed.*

*Alvin Jack Sims* for the plaintiffs.
*Timothy J. Dacey, III (Gilbert B. Kaplan* with him) for the defendant.