J. D'Amico, Inc. *vs.* Town of Saugus. March 25, 1980. The defendant appeals from two judgments for the plaintiff, entered in the Superior Court, based on a master's report. The first judgment, in the plaintiff's action on the contract, was for a balance due of $63,537.30. The second judgment for the plaintiff was on the defendant's counterclaim for overpayment. The evidence is reported. Compare *Miller* v. *Winshall, ante* 312, 313-314 (1980), with *Dynamics Research Corp.* v. *Analytic Sciences Corp., ante* 254, 259-260 (1980). We think that the master's determinations are adequately supported by his subsidiary findings. See Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974). Thus, the judge was correct in adopting them.

1. The defendant's principal argument is that the plaintiff violated G. L. c. 30, § 39I, in that it deviated substantially from the contract without a written change order and is, therefore, not entitled to payment under the contract.

The master's subsidiary findings are to the effect that the item increases were reasonable and necessary for the proper construction of the sewer project and were approved by official representatives of the defendant. See *M.L. Shalloo, Inc.* v. *Ricciardi & Sons Constr.,* 348 Mass. 682, 685-686 (1965). See also *Gammino* v. *Dedham,* 164 F. 593, 595 (1st Cir. 1908). The master found that the defendant put out to bid a unit price contract, wherein it estimated approximate quantities of material to be used for the work "solely for the purposes of comparing proposals," and that "the Town of Saugus reserved the right to increase or decrease the amount of any item of the work listed as they [*sic*] might find desirable or necessary and that the unit prices quoted in the schedule of prices would apply, without change, to such variation in the quantity of each or all items." The master also found that "the actual quantity used was determined by the field conditions found [to be] desirable or necessary during the carrying out of the construction work." In these circumstances written change orders were neither contemplated nor required to authorize the use of materials in quantities greater than those amounts initially estimated for the construction of the facility; provision for such additional quantities and the unit price to be paid for them was incorporated in the work plan by the contract documents. See *Foster Constr. C.A.* v. *United States,* 435 F.2d 873, 887-888 (Ct. Cl. 1970). Accordingly, the item increases were not deviations from the contract specifications, but were consistent with them and no violation of G. L. c. 30, § 39I, occurred. See *Morse* v. *Boston,* 253 Mass. 247, 253 (1925).

2. The defendant claims next that the plaintiff substituted steel sheeting for the wood sheeting called for in the contract. This, it contends, was a major breach of the contract and bars recovery.

We are unable to say that the master's subsidiary finding that the plaintiff "installed wood sheeting as called for in the contract" is clearly erroneous. See *Bills* v. *Nunno,* 4 Mass. App. Ct. 279, 283 (1976). There

is, then, no deviation and no breach of the contract. Moreover, even though the master did find that the plaintiff used some steel sheeting, he determined that it was used for the safety of the workmen, and was removed by the plaintiff at the conclusion of the job. And in any event, he did not allow compensation for it.

3. As we have concluded that payment for the additional materials used is due on the contract, we need not reach the question of recovery in quantum meruit.

4. Assuming the second judgment has been properly challenged on appeal (see Mass.R.A.P. 16[a][4], as amended, 367 Mass. 921 [1975]), it should be apparent from what we have already said that there was no error.

5. The defendant's arguments based on objections to the master's report must be rejected out of hand, as those objections were based merely on the master's failure to find, as requested, certain facts which might have been helpful to it. *Lowell Bank & Trust Co.* v. *D'Annolfo Constr. Co.*, 6 Mass. App. Ct. 825 (1978), and cases cited. In any event, there is support in the record for those findings which the master did make.

6. Apart from those claims already discussed above, the defendant has presented to this court no other substantive basis for challenging the judgments below. See and compare *Glynn* v. *Gloucester, ante* 454, 459-462 (1980).

*Judgments affirmed.*

*Bradbury Gilbert*, Town Counsel, for the defendant.
*Tanous J. Thomas* (*Stephen R. Follansbee* with him) for the plaintiff.